JOHN KELLY vs. WILLIAM CUNNINGHAM, Executor.

The rule that parol evidence is not admissible to vary or control a written contract is not affected by *St.* 1857, *c.* 305, which allows a party to call the opposite party as a witness.

CONTRACT on a promissory note signed by one Farrelly, the defendant's testator. The answer alleged that the consideration of the note was money paid by the plaintiff to Farrelly, who was a Catholic priest, in trust to be applied towards the building of a Catholic church; and that the plaintiff agreed to receive payment of the note from the revenues of the church, when finished, and not to look to Farrelly personally for payment. The defendant called the plaintiff to prove these facts; but *Morton*, J., excluded the evidence, and a verdict was returned for the plaintiff. The defendant alleged exceptions.

*J. C. Park*, for the defendant.

*A. B. Underwood*, for the plaintiff.

HOAR, J. The defendant does not contest the salutary and well settled rule of law that parol evidence cannot be admitted to vary or control a written contract. But he asks the court to recognize and establish an exception to the rule, in the case of a party calling the opposite party as a witness, under *St.* 1857, *c.* 305; on the ground that the dangers against which the rule is intended as a protection would not be incurred by relaxing it to that extent. By that statute, either party is allowed to call the opposite party as a witness. If he is thus made a witness, he is to be treated like any other witness in the cause. He can testify only to facts within his knowledge, and only to such facts as are material to the issue on trial between the parties. Only one of several plaintiffs or defendants may sometimes be called. Upon any question upon which he is examined, either party may desire to introduce the testimony of other witnesses. The party called may be imperfectly acquainted with the facts concerning which he is interrogated; and although his adversary might be willing to confine the evidence to the facts disclosed by him, the witness himself might not be willing, and certainly

40 *

is not obliged to do so. His memory may be impaired, or defective. By examining the party as to conversations or parol declarations which alter the effect of the written contract, the fact of such declarations having been made is put in issue to the jury; and it would necessarily follow that, even if the party calling the witness were precluded from offering other evidence upon the subject, the opposite party could not be thus restricted. Witnesses called by him would be subject to cross-examination, and thus the whole matter would be opened.

We do not understand the legislature to have intended any such result. Its object, we think, was to remove a personal disqualification from witnesses, and not to change the rules of evidence, or the nature of contracts. The writing is the contract of the parties, in the view of the law, and supersedes all the previous parol agreements. It is the only contract which the party called as a witness would have had any means to enforce; and there would be no mutuality, if his right to avail himself of it could be made to depend upon the election of the other contracting party in the choice of his evidence at the trial.

In *Fisk* v. *Chester*, 8 Gray, 506, a party was allowed to testify as to his intention, upon a question of change of domicil, when the question would not have been admissible if proposed to any other witness. But there his intention was a material fact in the case, to be proved by any competent evidence, direct or circumstantial; and the only reason that other witnesses could not testify to it directly was, that no other witness could have any knowledge of the fact.

It is said that the legislature intended to allow a party to probe the conscience of the opposing party. But where this is directly done, by a bill of discovery, and the defendant has opportunity to prepare his answer with the assistance of counsel, he has always been held entitled to avail himself of the statute of frauds, and is not required, unless in cases of actual fraud, to disclose any parol agreements to vary or control a subsequent contract in writing.            *Exceptions overruled.*