## MURPHY v. CRAIG.

Circuit Court of Appeals, Ninth Circuit.
November 5, 1928.

No. 5557.

J. L. B. Alexander and Baker & Whitney, both of Phœnix, Ariz., for appellant.

Kibbey, Bennett, Gust, Smith & Lyman, of Phœnix, Ariz., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. March 24, 1919, W. J. Murphy held an option to purchase the capital stock of the Gila Water Company, an Arizona corporation, and its other property and assets, consisting of land, canals, ditches, and water rights; also an option to purchase 72,000 acres of land from the Santa Fé Pacific Railway Company for the sum of $210,000, of which amount the sum of $100,000 had already been paid. On that date Murphy transferred his options to one Gillespie for the sum of $300,000, out of which was to be paid the balance due the railway company on the purchase price of the land and the amounts necessary to discharge and satisfy the indebtedness of the water company. The indebtedness of the water company was later ascertained to be the sum of $86,681.23, and this indebtedness was paid by Murphy. Thereupon C. F. Ainsworth, president of the water company, in consideration of this payment, executed and delivered to Murphy his promissory note for the amount of the indebtedness, payable one day after date, and secured by 5,000 shares of the capital stock of the water company. June 1, 1921, Ainsworth renewed the above note by executing four new promissory notes in its stead, three for the sum of $25,000 each, payable six months after date, and one for the sum of $27,478.85, payable three months after date; the aggregate amount of the four new notes being the amount of the original note with accrued interest. Each of the last-mentioned notes was secured by 1,250 shares of the capital stock of the water company, accompanied by a collateral agreement signed by Ainsworth, and providing that, if the secured note, or any part thereof, or any interest accrued thereon, remained due and unpaid according to the tenor of the note, the payee, his heirs, administrators, executors, or assigns, were empowered to sell or dispose of the stock or any part thereof at public or private sale, or private auction, on giving the maker 30 days previous notice in writing of such sale, and to apply the proceeds arising from the sale on the principal and interest due on the note and the charges and expenses of sale. Murphy died later, and, on September 26, 1925, the executor of his estate, after due notice, sold the stock to satisfy the amount of the indebtedness on the notes which the stock was given to secure.

The present suit was thereafter instituted against the executor by the assignee of the stock to restrain him from transferring it on the books of the water company and to compel him to surrender up and deliver the stock to the plaintiff or her attorney. This relief was sought on the ground that there was a parol agreement between the maker of the note and the payee to the effect that the note should only be paid out of dividends received on the stock put up as collateral security, and that it was further orally agreed that the stock should not be sold for any default in the payment of either principal or interest due on the secured note.

The testimony offered in support of the complaint consisted of the testimony of Ains-

worth,.the maker of the note, and portions of the testimony given by Murphy in an action theretofore brought against him in the state court to recover commissions on the deal between Murphy and Gillespie. This testimony was admitted over objection and exception, and its competency is the only question we deem it necessary to consider on the appeal of the executor from a decree in favor of the plaintiff in the court below.

■ That the maker of a promissory note for the payment of a sum certain, on a day certain, will not be heard to say that the note is payable out of a particular fund only, or that a collateral agreement authorizing the sale of collateral to satisfy the indebtedness secured by it is no agreement, and confers no authority at all is too firmly established to require extended discussion.

"Where an engagement is in general terms made payable in money, it is by legal implication payable in lawful money of the country, and parol evidence cannot be admitted to show an agreement that it should be paid in any other medium or manner, or that payment should be made only out of some particular fund." 22 C. J. 1076.

"It is not permissible to show a parol agreement of the payee or holder of commercial paper not to enforce payment against the person or persons liable thereon; or a parol agreement that the payee or holder shall look to some other person or persons for payment, that he shall require payment only in a certain event or out of some particular fund, that he shall not require payment until a certain security has been exhausted, that he shall not call on one of the persons liable for payment until all remedies against the others have been exhausted, or that the obligation may be extinguished by part payment." Id. 1091.

"The writing evidencing a deposit as a pledge or collateral security cannot be added to, contradicted, or varied by showing the nature of the transaction to be other than what appears by the face of the instrument, and conversely where the law requires a pledge to be in writing parol evidence is not admissible to show that writings which on their face are not pledges amount to such in fact." Id. 1098.

■ In David v. Robert Dollar Co. (C. C. A.) 2 F.(2d) 803, this court held that it was not competent to prove by parol that a promissory note, absolute in form, was only payable from rentals to accrue under a contemplated lease. The testimony was rejected for two reasons, the second of which was as follows:

"Second, the oral testimony clearly tends to vary and contradict the terms of the promissory notes. We are not unmindful of the rule that permits a party to show that what purports to be a contract is not in fact so, because of delivery upon an unperformed condition, or the like; but such is not this case. The defendant is here attempting to prove that he promised to repay the money from a special fund whenever the fund was available, not unconditionally on or before a fixed date, as provided in the promissory notes. That such testimony would vary the terms and conditions of the written instruments does not admit of question."

The testimony given by Murphy on the trial of another action was equally incompetent and for the same reason.

■ "The parol admission of a party, made in pais, is competent evidence only of those facts, which may lawfully be established by parol evidence. It cannot be received, either to contradict documentary proof, or to supply the place of existing evidence by matter of record." Bivins et al. v. McElroy, 11 Ark. 23, 3 Am. Dec. 258.

To the same effect see Jameson v. Conway, 5 Gilman (10 Ill.) 227; Bank of North America v. Crandall, 87 Mo. 208; Kelly v. Cunningham, 83 Mass. (1 Allen) 473; Keator v. Dimmick, 46 Barb. (N. Y.) 158; Dallas Nat. Bank v. Davis, 78 Tex. 362, 14 S. W. 706; and Welland Canal Co. v. Hathaway, 8 Wend. (N. Y.) 480, 24 Am. Dec. 51.

Having reached the conclusion that the parol testimony, offered to change or destroy the promissory notes and collateral agreements, was incompetent, it becomes unnecessary to consider the sufficiency of the testimony, if competent, further than to say that it was indefinite, unsatisfactory, and inconclusive at best.

The decree of the court below is reversed, with instructions to dismiss the complaint.