**MIAMI PETROLEUM COMPANY,**
Appellant,

v.

**H. F. NEAL, Appellee.**

No. 5374.

Court of Civil Appeals of Texas.

El Paso.

Feb. 24, 1960.

Rehearing Denied March 23, 1960.

J. M. Lee, Stanley P. Wilson, McMahon, Smart, Sprain & Wilson, Abilene, for appellant.

Garland Casebier, Midland, for appellee.

LANGDON, Chief Justice.

This is an appeal from an order of the district court of Midland County granting the motion of appellee, H. F. Neal (plaintiff below), for summary judgment against appellant, Miami Petroleum Company, Inc. (defendant below).

The original action was brought by appellee Neal, as plaintiff, against Miami Petroleum Company, Inc., a corporation, and Rutter & Wilbanks, a partnership, as defendants. The suit was for the purpose of enforcing the terms of a parol agreement admittedly entered into between appellee Neal and defendant, Rutter & Wilbanks. The parol agreement was made contemporaneously with, or just prior to, the execution and delivery of an oil, gas, and mineral lease from the appellee, Neal, as Lessor, to Rutter & Wilbanks, as Lessee, and provided for the payment of certain sums of money by Rutter & Wilbanks to H. F. Neal, as agreed compensation for surface damage to the land covered by such oil and gas lease, resulting from the drilling and production operations to be conducted on said lands under the terms of the said oil, gas and mineral lease. Appellee Neal owned all of the surface of said lands, and a small portion of the minerals.

All the parties to this suit filed motions for summary judgment. Appellee Neal elected to seek no recovery against defendant Rutter & Wilbanks. The court granted the motion of Rutter & Wilbanks for summary judgment, and this defendant is not a party to this appeal.

Following the execution and delivery by appellee Neal of the oil, gas and mineral lease, Rutter & Wilbanks, as lessee in such lease, as well as in a large number of other oil and gas leases covering the undivided mineral interests of other owners in the same lands, drilled a number of wells on portions of said lands, paying to appellee Neal the sum of $250 for each well location, $150 for each tank battery, $100 for the privilege of skidding the rig from one location to another, and the sum of $1.40 per rod for all roads used that ran over and across the lands involved in this suit; all in accordance with the terms of the parol agreement between appellee and defendant, Rutter & Wilbanks.

The oil, gas and mineral leasehold interests acquired by Rutter & Wilbanks in the lands here involved were subsequently assigned by Rutter & Wilbanks to appellant, Miami Petroleum Company, Inc.

The facts of this case appear to present two questions. The first question presented is whether or not the assignee of an oil, gas and mineral lease, complete on its face, executory in nature, and containing covenants of contractual consideration, is legally obligated to the lessor of such lease under an alleged oral agreement between such lessor and the lessee-assignor providing for the payment of stipulated sums for surface damages resulting from drilling and pro-

duction operations carried on under the terms of said lease, when said parol agreement was made at the time or prior to the execution of said lease.

■ The second question is whether or not an alleged oral promise to discharge such money obligation allegedly made to the lessor by an agent of the assignee subsequent to the transfer and assignment of the oil and gas lease constitutes an enforceable contract. We believe the application of the Statute of Frauds to this question compels a negative answer, and no further discussion is warranted.

Appellant assigns three points of error, in which it is contended, (1) that the trial court erred in granting appellee's motion for summary judgment and in overruling appellant's motion for summary judgment, for the reason that any evidence relating to the oral agreement between Neal and the original lessee, Rutter & Wilbanks, would be inadmissible under the parol evidence rule as a matter of law; (2) that any oral agreement on the part of appellant, Miami Petroleum Company, Inc., to pay for property rights and privileges already vested would be wholly without consideration as a matter of law; and, finally, (3) that any oral agreement on the part of appellant Miami Petroleum Company, Inc. to discharge any debt, default or miscarriage of its assignor, Rutter & Wilbanks, to appellee Neal, would be unenforceable as a matter of law, under the terms of Article 3995, subdivision 2, Vernon's Annotated Texas Civil Statutes.

By counterpoint, it is contended by appellee Neal that appellant may not admit the facts which constitute the basis of the agreement, and then seek to exclude the evidence offered to prove such facts by invoking the parol evidence rule.

■ The parol evidence rule in Texas is not merely a rule of evidence or procedure; it is a rule of substantive law. Evidence admitted in violation thereof is

incompetent and without probative force, and it cannot properly be given legal effect. Thus, evidence admitted in violation of the parol evidence rule cannot avoid or change the tenor of the written instrument, nor will it support a verdict of a jury or a finding of fact by the court. It cannot be made the basis of a finding of fact by an appellate court nor be considered by such court in determining the sufficiency of the evidence to support the judgment. 17 Tex. Jur. 793, sec. 353.

■ By the same token, we are of the opinion that the parol admission, even by an adverse party, of the facts which constitute the basis of the parol agreement sought to be proved, is competent evidence only of those facts which may lawfully be established by parol evidence. It cannot be received to contradict, vary or add to the terms of a written instrument. Murphy v. Craig, 9 Cir., 28 F.2d 963.

■ Under the terms of the oil, gas and mineral lease executed by appellee Neal, as lessor, to Rutter & Wilbanks, as lessee, the lessee acquired the right to use so much of the surface of the lands covered by said lease as might be reasonably necessary for the development and production of the oil, gas and mineral estate. The lease is, of and by itself, complete. The recited consideration embodied therein, consisting of a cash consideration, the payment of a specific royalty in the event of production, and the obligations imposed upon the lessee by paragraphs 10 and 11 of said lease, to drill a total of sixteen wells to a specified depth and on a specified schedule, are contractual in nature and may not be varied by parol.

■ The parol agreement alleged by appellee Neal is a contract upon the same subject, undisputedly entered into by the parties prior to, or contemporaneously with, the execution and delivery of the written lease. Appellant does not deny that appellee and the defendant, Rutter & Wilbanks,

entered into an oral agreement whereby Rutter & Wilbanks' agreed to pay certain specified sums of money to appellee Neal for the use of the surface of said land, in connection with the development and production of the mineral estate created by the oil and gas lease. It is appellant's contention, and we agree, that the alleged oral agreement to pay lessor Neal for the privilege of using the surface of his lands for the purpose of carrying out the oil and gas lessee's obligations under the terms of the lease represents an unpermissible effort to vary and contradict the terms of the lease, and that appellee's suit for damages based upon proof of such agreement must fail. Buchanan v. Sinclair Oil & Gas Co., 5 Cir., 218 F.2d 436; Pallas v. Powers, Tex.Civ.App., 271 S.W.2d 479.

The Texas decisions have uniformly recognized that an oral contemporaneous condition cannot be proved if it is inconsistent with the terms of a written instrument duly delivered to the party against whom the condition is sought to be invoked. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515.

It follows that if the alleged oral agreement could not have been enforced against defendant Rutter & Wilbanks, it did not constitute a covenant running with the land, and would, therefore, be unenforceable against appellant, the assignee of Rutter & Wilbanks. Appellant's first assignment of error is accordingly sustained.

There is no contention on the part of appellee Neal that either defendant Rutter & Wilbanks, or appellant Miami Petroleum Company, has made an unreasonable use of the surface of the lands here involved in connection with the development and production of the mineral estate under the terms of the lease. On the contrary, it is affirmatively shown by the testimony of Mr. Neal himself that their use of the surface has been reasonable. It would therefore appear that, having exercised no greater rights or privileges in the surface of said lands than those vested in them by the lease, an agreement to pay for the exercise of the same rights and privileges must likewise fail, as being wholly without consideration. Appellant's second assignment of error is sustained.

We have carefully considered each of the counterpoints raised by appellee and, while they possess considerable merit, we are of the opinion that same are legally untenable under the undisputed facts of the case. Therefore, they, and each of them, are accordingly overruled.

From what we have said, it follows that this case must be reversed. We deem it unnecessary, therefore, to pass upon appellant's third assignment of error.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered for appellant.