**Rosalie Y. TARRANT, Individually and as Independent Executrix of the Estate of L. O. Tarrant, Deceased, Appellant,**

v.

**H. R. SCHULZ et ux., Appellees.**

**No. 243.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 21, 1969.

Rehearing Denied June 11, 1969.

Thomas H. Lee, Barrow, Bland & Rehmet, Houston, Charles A. Dickerson, Rosenberg, for appellant.

Richard B. Miller, Baker, Botts, Shepherd & Coates, Houston, H. Cecil Baker, Rosenberg, for appellees.

TUNKS, Chief Justice.

In 1963, L. O. Tarrant was the sole shareholder and president of an inactive corporation named Tarrant Wholesale Drug Company. That corporation was the owner of a tract of land, consisting of about 750 acres, located in Fort Bend County, Texas. H. R. Schulz, appellee, owned an adjacent tract of about 236 acres. In May, 1963, Tarrant and his wife, the appellant, entered into negotiations with Schulz for the acquisition of his 236-acre tract. Those negotiations resulted in an agreement by Schulz to sell his tract for $1,000 an acre. On May 31, 1963, pursuant to this agreement, Schulz executed his deed conveying the land in question. The named grantee in the deed was Tarrant Wholesale Drug Company. It was L. O. Tarrant's request that the corporation be named as grantee in the deed to accomplish a tax advantage.

After Tarrant's acquisition of the Schulz tract there remained two other adjacent tracts which Tarrant wished to acquire to "block out" his holdings. Tarrant solicited Schulz' assistance in seeking to acquire the two adjacent tracts of land. Schulz agreed to so assist him.

One of the tracts sought by Tarrant was about 23 acres belonging to L. H. Mc-Cabe, A. M. McCabe and other members of their family. Soon after the Schulz sale to Tarrant the McCabes approached Schulz to find a buyer for their land. Schulz relayed this information to Tarrant and Tarrant directed him to offer $900 an acre for the McCabe tract. Schulz did so. The McCabes accepted and on June 24, 1963, conveyed the land by general warranty deed to Schulz who paid them the consideration. By general warranty deed dated July 15, 1963, Schulz conveyed this property to Tarrant who reimbursed him for the purchase price. In this instance, too, Tarrant Wholesale Drug Company, at Tarrant's request, was named grantee in the deed.

A few days later the McCabes again approached Schulz—this time concerning the other of the two tracts which Tarrant wanted to buy. They told Schulz that this tract, of about 35 acres, belonged to Clarence Stewart and Willine Stewart Morgan, brother and sister, who lived in Houston, and that they wished to sell it. The Mc-Cabes asked that they be paid $1,000 as a fee for arranging the sale. This information, too, was communicated to Tarrant and Tarrant again authorized Schulz to buy the property for him. On July 19, 1963, the brother and sister, joined by the sister's husband, executed their general warranty deed conveying the 35-acre tract to Schulz who paid them the purchase price of $28,-200. Schulz also paid the McCabes their $1,000. On the same date Schulz executed his general warranty deed conveying the tract to Tarrant, again naming the corporation as grantee. Because he left on vacation Schulz did not deliver this deed to Tarrant until August 13th. On August 14th

Tarrant reimbursed Schulz for the $28,200 paid as purchase price and for the $1,000 paid to the McCabes as their fee.

On July 18, 1966, Luethel Liggins filed suit alleging her ownership of an undivided one-third interest in the 35-acre tract. She was a sister of Clarence Stewart and Willine Stewart Morgan. By that date L. O. Tarrant had died and Tarrant Wholesale Drug Company had been dissolved. L. O. Tarrant's surviving wife, Rosalie Y. Tarrant, individually and as independent executrix of the Tarrant estate, had acquired title to the property here in question. It was she, in her individual and her representative capacity, that was named as defendant in the suit filed by Luethel Liggins. She, in turn, in the same capacities filed a third party action against Schulz. The case proceeded to trial before a jury and resulted in a judgment for the plaintiff for a one-third interest in the property and a judgment that Mrs. Tarrant recover nothing on the third party action. The two causes of action were severed and no appeal was prosecuted from the judgment for the plaintiff. Mrs. Tarrant has appealed from the judgment on the third party action.

In pleading her third party action Mrs. Tarrant sought a recovery against Schulz for breach of the warranty in the deed executed by him conveying the 35-acre tract. She also alleged that Schulz had acted as agent for L. O. Tarrant in the acquisition of the 35-acre tract and that in so acting he was negligent in failing to investigate the title to the property involved. It was alleged that Schulz' agreement to act as such agent was a collateral agreement to the transaction wherein he sold his 236-acre tract to Tarrant and that part of the money paid him on such occasion was in consideration of his agreement to so act as agent in acquiring the tract of property sought by Tarrant.

In response to special issues submitted to them, the jury found that Schulz undertook to determine the heirship relative to the 35-acre tract, but that he was not negligent in his discharge of that undertaking. It also

found that in such transaction Schulz acted as agent for Tarrant Wholesale Drug Company, that he so acted without receiving consideration, that the warranty in the deed executed by Schulz was given without consideration, that the warranty was given in his capacity as agent and that Tarrant, himself, was negligent in failing to investigate the heirship of the property in question.

The contentions of appellant in this appeal are that she was, as a matter of law, entitled to recover on the warranty; that the jury's findings that Schulz executed the warranty in his capacity as agent and without consideration do not preclude his liability on the warranty; that the trial court erred in permitting the parol evidence as to the circumstances surrounding the execution of the deed conveying the 35-acre tract to vary the terms of the deed, that the trial court erred in excluding, as being in violation of the dead man's statute, appellant's testimony as to the transaction whereby Tarrant bought Schulz' 236-acre tract; and that there was no evidence, or insufficient evidence, to sustain the jury's finding to the effect that the warranties given by Schulz were without consideration.

■ The grantor in the general warranty deed becomes liable, if title fails, for the amount of the consideration paid to him. Wiggins v. Stephens (Comm.App.), 246 S.W. 84; French v. Bank of Southwest Nat. Ass'n, Houston, Tex.Civ.App., 422 S.W.2d 1, n. r. e. Thus, where the deed is given without consideration the grantor is not liable for any damage on his warranty. Ragsdale v. Ragsdale, 172 S.W.2d 381, affirmed, 142 Tex. 476, 179 S.W.2d 291.

■ The deed by which Schulz conveyed the 35-acre tract to Tarrant recited a consideration of $10 and other good and valuable consideration. Under such circumstances parol evidence was admissible to show the true consideration or that there was no consideration given. Latham v. Dement, Tex.Civ.App., 409 S.W.2d 429, n. r. e.; Burns v. Nichols, Tex.Civ.App., 207 S.W. 158, no writ hist.

■ The jury's finding that Schulz received no consideration for the making of the warranty in his deed conveying the 35-acre tract of land is supported by the evidence. The facts as to this issue are not controverted and the jury's construction of those facts by its finding is reasonable and proper. It is admitted that Schulz acquired the property in his capacity as agent. In fact, Mrs. Tarrant sued him for the alleged breach of his duties in that capacity. It is clear that Tarrant and Schulz were in agreement that Schulz' acquisition of title to the property was a mere instrumentality by which Tarrant should ultimately acquire it. The fact that such agreement might not have been enforceable as against a plea of the statute of frauds, is wholly immaterial. No occasion arose requiring the enforcement of that contract; it was performed voluntarily. By the performance Schulz got nothing, as was intended by the parties. The $29,200 paid to him by Tarrant was not consideration for the deed, but was reimbursement to him for the money he had advanced in the performance of his duties to procure the property for Tarrant. Tarrant did not pay Schulz until the day after the deed had been delivered and filed for record.

The trial court did not err in admitting the parol evidence as to the circumstances in connection with the executions which were relevant to the issue of consideration. There was evidence, and sufficient evidence, to support the jury's finding that Schulz received no consideration for his warranty. Having received no consideration Schulz was not liable on the warranty of title.

During the course of the trial the trial court sustained objections to certain tendered testimony of Mrs. Tarrant as being in violation of Art. 3716, the dead man's statute. The testimony so tendered is shown by bills of exception. The appellant has brought forward points of error relating to those rulings. We overrule those points of error.

The substance of the excluded testimony was to the effect that Mrs. Tarrant and her husband in May, 1963, went to Schulz' home to negotiate with him for the purchase of his 236-acre tract. There was discussion as to the price in which Schulz asked $1,000 per acre and Mr. Tarrant expressed an opinion that the price was high, but subsequently agreed to it. Also included in the tendered testimony was the following answer of Mrs. Tarrant in description of the negotiations between the parties:

"Well, I spoke and Mr. Tarrant spoke, also. He quoted it, the same thing I said, and that was, 'We have decided we will give you $1,000 an acre for your land, only if you can get these other two tracts of land thrown in, because we don't want—this is right down the center, it would make it right in the center of our land,' and Mr. Schulz assured us that would be no problem."

Other evidence, which was admitted by the court, showed that after the deal for the purchase of the 236-acre tract had been agreed on, Schulz executed a deed conveying the property to L. O. Tarrant and tendered it. It was then that Tarrant told Schulz that he wanted the deed to show Tarrant Wholesale Drug Company as grantee. Schulz complied with that request. At the time Tarrant was the only officer of the corporation, its president, and the only shareholder. The corporation had sold all of its physical assets and was conducting no business.

 The appellant contends that in the negotiations as to which she proposed to testify, Tarrant was acting in his capacity as agent for the corporation, and, as such, his transaction was not subject to the dead man's statute. In support of this contention she cites Dunn v. Second Nat. Bank of Houston, 131 Tex. 198, 113 S.W.2d 165. That case is not in point. It merely holds that a resolution of a board of directors, of which the decedent was a member, of a corporation, is not a transaction by the decedent, but is the act of the corporation. Also cited as authority for this contention is Texas & Pac. Ry. Co. v. Elliott, Tex.Civ. App., 189 S.W. 737, no writ hist. That case, too, is not in point. It merely held that in a suit against a corporation the plaintiff could testify as to a transaction with an agent of the corporate defendant which agent had died subsequently. In that case neither party was either the heir or the representative of the decedent. Here the appellant, in her capacity as executrix of the estate of L. O. Tarrant, decedent, seeks to recover on a cause of action which allegedly accrued to him by the very transaction as to which her testimony was excluded. The trial court properly sustained the objection that such testimony was in violation of the dead man's statute.

The judgment of the trial court is affirmed.