**Daniel N. JOHNSON, as independent executor of Tommye C. Stringfield Estate, Appellant,**

v.

**Russell DRIVER, as trustee of the Billie Holcomb Living Trust, Appellee.**

No. 12–05–00179–CV.

Court of Appeals of Texas, Tyler.

June 30, 2006.

Richard J. Clarkson, Beaumont, Jay L. Arnold, Liberty, for appellant.

James L. Voge, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

## *OPINION*

BILL BASS, Justice.

This is an appeal from a summary judgment for Russell Driver, Trustee of the Billie Holcomb Living Trust, plaintiff/appellee, in a declaratory judgment action in which the determining issue is the legal effect of a deed. The defendant/appellant, Daniel N. Johnson, Independent Executor of the Tommye C. Stringfield Estate, presents one issue complaining that the trial court erred in granting summary judgment. We affirm.

### BACKGROUND

Russell Driver, Trustee of the Billie Holcomb Living Trust, filed both traditional and no evidence motions for summary judgment. Driver sought summary judgment on the ground that a 1979 deed from Lillian Edge to Tommye C. Stringfield proved a conveyance of land was a sale in that the deed unambiguously recites that Lillian Edge "granted, sold, and conveyed" the subject property "in consideration of ten dollars and other valuable consideration." Therefore, Driver contended, the property became a part of the community estate of Tommye and Leon Stringfield. According to Driver, upon the intestate death of Leon Stringfield, an undivided one-half interest in the property passed to his only child, a daughter of a prior marriage, Billie Holcomb. Driver further contended that upon the death of Billie Holcomb, the undivided one-half interest passed to the Billie Holcomb Living Trust and that, therefore, the Billie Holcomb Living Trust is now the fee simple owner of an undivided one-half interest in the property.

Driver's summary judgment motion recited that it was supported by the following proof included in the appendix:

a. Warranty deed from Lillian Edge to Tommye C. Stringfield;

b. Affidavit of Heirship and Marital History of Leon Stringfield;

c. Last Will and Testament of Billie Holcomb; and

d. Attorney's Fees Affidavit of Jamey L. Voge.

However, none of the appendices referred to in the motion were attached to the summary judgment. Apparently the failure to attach the documents to the motion filed with the trial court was inadvertent, because they were appended to the copy sent to opposing counsel. Counsel for the nonmovant, Daniel N. Johnson, Independent Executor of the Tommy C. Stringfield Estate, attached a copy of movant's motion for final summary judgment, including appendices a, b, c, and d, as Exhibit "A" to its response.

Johnson asserted in his response that, despite the recitals in the deed to contrary, the conveyance was a gift and therefore did not become the community property of the marriage of Tommye C. Stringfield and Leon Stringfield. Therefore, Johnson maintained that the Tommye C. Stringfield Estate owns the entire tract. Johnson, in his response, attached three affidavits to support his contention that the conveyance was actually a gift and not a sale as the deed indicated. The affidavit of Jessie Lee recited that she notarized the deed in question and that "Lillian Edge told me on that day that Tommye Stringfield was not going to pay her for the house because the house was a gift to Tommye Stringfield." Carl "Buster" Stringfield's affidavit states that he did repairs on the house while

Lillian Edge owned it and "that I learned that the conveyance was a gift and not a sale of the property." He also stated that Ms. Stringfield told him that the house was given to her by Ms. Edge. The third affidavit is by a former owner of the property, Mickye Bristow, who stated that "I know this transaction to be a gift, and not a sale of the property." Driver objected to the admission of the affidavits on the basis that the statements, where relevant, were hearsay or legally and factually conclusory and inadmissible. The trial court did not rule on Driver's objections before entering judgment.

The trial court's order granting summary judgment does not state the basis of its ruling.

### STANDARD OF REVIEW

A summary judgment is reviewed de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). In the case of a traditional summary judgment, (1) the movant has the burden of showing that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant, and any doubts must also be resolved in favor of the nonmovant. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002). Once the movant has established a right to summary judgment, the nonmovant must respond to the motion for summary judgment by presenting to the trial court any issues that would defeat the movant's right to summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). Failing to do so, the movant may not later assign them as error on appeal. *Id.* A

motion for summary judgment must present the grounds upon which it is made, and it must stand or fall on these grounds alone. *See* TEX.R. CIV. P. 166a(c). Issues not expressly presented to the trial court by written motion or response to the motion for summary judgment cannot be considered by an appellate court as grounds for reversal. *Clear Creek Basin Auth.,* 589 S.W.2d at 674–75; *see also* TEX.R. CIV. P. 166a(c). When the motion for summary judgment is based on several grounds, and the trial court does not state the basis for granting the motion, the summary judgment must be affirmed if any of the theories urged by the movant are meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872–73 (Tex.2001).

A no evidence motion must specifically set forth the elements of the adverse party's claim or defense for which there is no evidence. TEX.R. CIV. P. 166a(i). Upon the filing of the motion, the burden shifts to the nonmovant, who must present "more than a scintilla of probative evidence to raise a genuine issue of material fact...." *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70–71 (Tex.App.-Austin 1998, no pet.). If the nonmovant fails to provide evidence raising a genuine issue of material fact, the trial court must grant the motion. TEX.R. CIV. P. 166a(i). A no evidence summary judgment is essentially a pretrial directed verdict, and the same legal sufficiency standard is applied by appellate courts. *Texas Capital Sec. Mgmt., Inc. v. Sandefer,* 80 S.W.3d 260, 264 (Tex. App.-Texarkana 2002, no pet.).

### SUMMARY JUDGMENT PROOF NOT ATTACHED TO MOTION

Johnson first contends that the trial court erred in granting summary judgment because the documentary proof Driver relied on to support his motion is not found in the record attached to the motion.

Rule 166a(c) provides that a trial court "shall" grant a summary judgment if the evidence

> on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show[s] that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

TEX.R. CIV. P. 166a(c). The Texas Supreme Court has held the "Rule 166a(c) plainly includes in the [summary judgment] record evidence attached either to the motion or to a response." *Wilson v. Burford,* 904 S.W.2d 628, 629 (Tex.1995). Since the evidentiary exhibits referred to in Driver's motion but not attached to it were attached to Johnson's response, they were properly before the court at the time it ruled.

### PAROL EVIDENCE ADMISSIBLE

■ Johnson argues that the three affidavits appended to his response contradict the deed's recitation of a sale and create a fact issue as to whether the transaction was a gift. The extensive objections raised by Driver to the admissibility of Johnson's affidavits, Johnson contends, were waived by Driver's failure to obtain a ruling thereon before the entry of the summary judgment. *See ABT Galveston L.P. v. Galveston Cent. Appraisal Dist.,* 137 S.W.3d 146, 158 n. 26 (Tex.App.-Houston [1st Dist.] 2004, no pet.). Therefore, the affidavits are summary judgment evidence even if they are objectionable because they are not based upon personal knowledge. Johnson maintains that the affidavits show that Lillian Edge intended to give the property to Tommye Stringfield. In Johnson's view, this demonstrates mistake, and parol evidence is therefore admissible to show her intent.

■ The parol evidence rule prohibits the admission of extrinsic evidence to vary or explain the terms or contradict the legal effect of an unambiguous written instrument in the absence of a showing of fraud, accident, or mistake in its preparation. *Davis v. Davis,* 141 Tex. 613, 175 S.W.2d 226, 229 (1943). There is no claim of ambiguity in the deed in question, only an assertion that its effect did not conform to the grantor's intent. "It is well settled that the legal effect of a deed cannot be varied simply by showing that the grantor misunderstood the legal effect of its terms, or intended a different effect from that which the language imports." *Id.* (quoting *Rogers v. Rogers,* 15 S.W.2d 1037, 1039 (Tex. Comm'n App.1929, holding approved)). "[T]he controlling intention is not the subjective intent the parties may have had but failed to express, but the intent actually expressed in the deed...." *Prairie Producing Co. v. Schlachter,* 786 S.W.2d 409, 412 (Tex.App.-Texarkana 1990, writ denied). "Only if the intention of the parties *as expressed on the face of the document* is doubtful may the court resort to parol evidence to resolve the doubt." *Massey v. Massey,* 807 S.W.2d 391, 405 (Tex.App.-Houston [1st Dist.] 1991, writ denied). The *Massey* court addressed the same issue before this court, as follows:

> Under the express language of these documents, which recite consideration, the transfers of property, which occurred during the parties' marriage, were bargained-for exchanges. Appellant did not plead that the documents were ambiguous; no evidence of ambiguity was introduced. Nevertheless, appellant offered the testimony of his brother and his mother that, contrary to the terms of the documents, the transactions were actually intended to be gifts

and were treated as gifts but were made to look like credit transactions in order to avoid gift taxes. Under the parol evidence rule, the trial court correctly excluded the testimony.

*Id.* When there is no ambiguity present, it is clear that a grantor's mistake as to the legal effect of what he or she signed is not the kind of mistake that will avoid the bar of the parol evidence rule. *See id.*

 The parol evidence rule is not a rule of evidence, but a rule of substantive law that bars the court from consideration of evidence violative of the rule, even though it is admitted without objection. *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *King v. Fordice,* 776 S.W.2d 608, 612 (Tex.App.-Dallas 1989, writ denied). It is said that "[e]vidence admitted in violation of the rule is incompetent and without probative force, and it cannot properly be given legal effect." *Ross v. Stinnett,* 540 S.W.2d 493, 495 (Tex.Civ.App.-Tyler 1976) (quoting *Miami Petroleum Co. v. Neal,* 333 S.W.2d 876, 879 (Tex.Civ.App.-El Paso 1960, writ ref'd n.r.e.)).

Even assuming the affidavits relied upon by Johnson were part of the summary judgment evidence, the parol evidence rule prevented the trial judge from giving them any legal effect. There is therefore no evidence of probative force showing that the conveyance from Lillian Edge to Tommye Stringfield was other than a sale. Upon the sale, the property became part of the community estate of Leon and Tommye Stringfield. Upon Leon Stringfield's death intestate, a one-half undivided interest in the tract passed to Leon Stringfield's successors in interest. The summary judgment record shows there was no genuine issue as to any material fact and that Driver was entitled to judgment as a matter of law. The trial court did not err in granting Driver's traditional summary

judgment motion. Therefore, we need not address Driver's no evidence summary judgment motion. *See* TEX.R.APP. P. 47.1.

### DISPOSITION

Appellant's sole issue is overruled, and the judgment of the trial court is *affirmed.*