Opinion filed April 14,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00299-CV

                                                    __________

 

            CYNTHIA GAIL
A/K/A CYNTHIA MORRISON, Appellant

 

                                                                 
V.

 

                                       
HAZEL BERRY ET AL., Appellees



 

                                  On
Appeal from the 132nd  District Court

 

                                                           Scurry
County, Texas

 

                                                      Trial
Court Cause No. 23136

 



 

O
P I N I O N

Hazel
Berry, Bernadine Wilson, and Rebecca Ann Robinson, independent executrix of the
estate of Evelyn Mebane, deceased, sued Cynthia Gail a/k/a Cynthia Morrison for
reformation of a warranty deed.  The trial court granted Berry, Wilson, and
Robinson’s traditional motion for summary judgment.  Gail appeals.  We affirm.

I.  Background

            On
August 26, 2004, Powell Berry, as attorney-in-fact for “Hazel Berry, et al,”
entered into a contract to sell 176.52 acres in Scurry County to Cynthia Gail
for $80,000.  The sales contract reserved to the sellers all minerals,
royalties, and timber interests in the land.  On September 1, 2004, Powell
Berry executed a warranty deed to Gail on behalf of Hazel Berry, Evelyn Mebane,
and Bernadine Wilson.  Unlike the sales contract, however, the deed did not
contain a mineral reservation.

            Mebane
died on January 7, 2006.  In her will, Mebane appointed Rebecca Ann Robinson as
the independent executrix of her estate.  Robinson hired an attorney, David
Cotton, to handle the probate of the estate.  In the process of preparing the
estate’s inventory, appraisement, and list of claims, Cotton discovered that
the warranty deed to Gail did not contain the sales contract’s mineral
reservation.

Cotton
contacted Thomas W. Choate, the attorney who prepared the sales contract and
warranty deed.  Choate stated that he used the title insurance commitment’s
legal description of the property when he prepared the warranty deed.  It did
not contain a mineral reservation.  Because he did not compare the deed and
sales contract, it was not until Cotton contacted him that Choate learned of
the mistake.  Cotton informed Gail of the mistake, but she refused to revise
the title.  Berry, Wilson, and Robinson then sued Gail for reformation of the
deed for mutual mistake.

II.  Issue

In
her sole issue, Gail argues that the trial court erred by granting appellees’
summary judgment motion.

III.  Discussion

A.  Summary Judgment Evidence.

Gail’s
supplemental summary judgment response included her own affidavit.  Appellees
objected to numerous statements in this affidavit.  The trial court overruled their
objections.  As a preliminary matter, appellees now argue that the trial court
erred by not striking these statements on the grounds that they were
conclusory, that they were based on subjective belief, that they violated the
parol evidence rule, and that they violated the statute of frauds and were
inconsistent with the sales contract itself.  We review the trial court’s
admission or exclusion of summary judgment evidence under an abuse of
discretion standard.  Maxwell v. Willis, 316 S.W.3d 680, 682 (Tex.
App.—Eastland 2010, no pet.).

Supporting
and opposing affidavits to a summary judgment motion must be made on personal
knowledge, set forth such facts as would be admissible in evidence, and show
affirmatively that the affiant is competent to testify as to the matters
therein.  Tex. R. Civ. P. 166a(f). 
Affidavits containing unsubstantiated factual or legal conclusions that are not
supported by the evidence are not competent summary judgment proof because they
are not credible or susceptible to being readily controverted.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).

Agreements
for the sale or purchase of minerals or of an oil and gas royalty shall be
evidenced by a signed writing.  Tex.
Bus. & Com. Code Ann. § 26.01(a), (b)(7) (Vernon 2009); see also
McVey v. United Timber & Kaolin Ass’n, 270 S.W. 572 (Tex. Civ. App.—San
Antonio 1925, no writ) (holding a timber interest is an interest in land
subject to statute of frauds).

The
parol evidence rule is a rule of substantive law which provides that, in the
absence of fraud, accident, or mistake, extrinsic evidence is not admissible to
vary, add to, or contradict the terms of a written contract that is facially
complete and unambiguous.  Hayes v. Rinehart, 65 S.W.3d 286, 288 (Tex.
App.—Eastland 2001, no pet.).  Evidence that violates the parol evidence rule
is incompetent, without probative force, and cannot be given legal effect.  Johnson
v. Driver, 198 S.W.3d 359, 364 (Tex. App.—Tyler 2006, no pet.).  The
parol evidence rule does not bar evidence of a collateral agreement.  Ledig
v. Duke Energy Corp., 193 S.W.3d 167, 179 n.10 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  A collateral agreement is one that would not ordinarily
be expected to be embodied in or integrated with the written agreement and is not
so connected with the principal transaction as to be part and parcel of it.  Id. 


Appellees
first objected to Gail’s statement, “I do not believe that this is a case of mutual
mistake.”  This represents a legal conclusion and is not competent summary
judgment evidence.   Rule 166a(f); Ryland Group, 924 S.W.2d at 122.

Second,
appellees objected to Gail’s statement that “[n]egotiations between Powell
Berry and myself over the property took place before and after our signing of
the Farm and Ranch Contract.”  Insofar as the reference to the negotiations is
an attempt to vary, add to, or contradict the terms of the unambiguous sales
contract, the reference violates the parol evidence rule.  See Nat’l Union
Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc., 907 S.W.2d 517, 520
(Tex. 1995); Johnson, 198 S.W.3d at 364; Hayes, 65 S.W.3d at 288.

Third,
appellees objected to Gail’s statement that, “[a]lthough I signed that contract
and deposited the $8,000.00 with Mr. Choate, I left the meeting with my
understanding that there would be a final contract with all the owners’ names
on it.”  Because Gail’s “understanding” is a belief of an interested party
without factual support, it is not competent summary judgment evidence.  Ryland
Group, 924 S.W.2d at 122.

Fourth,
appellees objected to Gail’s statement that, “[a]lthough the contract I signed
excepted the mineral rights and timber rights, Mr. Berry and I had not actually
come to an agreement about them by the day of its signing.  Nevertheless, I
expected that the final contract would change that as I had told Mr. Berry that
I wanted them as a condition of my purchase.” Both the assertion that there was
no agreement and the assertion that Gail expected that a final contract would
grant her the mineral rights violate the parol evidence rule because they
attempt to vary, add to, or contradict the terms of the unambiguous sales
contract.  See Nat’l Union Fire Ins., 907 S.W.2d at 520; Johnson,
198 S.W.3d at 364; Hayes, 65 S.W.3d at 288.

Fifth,
appellees objected to Gail’s statement that, after noticing that the deed did
not contain the sales contract’s mineral reservation, “I was satisfied that
they had agreed to let me have [the mineral interest].  Because of this, I
didn’t see any need for insisting on a final contract.”  The statement that she
was satisfied that appellees had agreed to let her have the minerals is merely
an interested party’s belief lacking factual support.  Ryland Group, 924
S.W.2d at 122.  In addition, insofar as the reference to a final contract was
an attempt to vary, add to, or contradict the terms of the unambiguous sales
contract, the reference violates the parol evidence rule.  See Nat’l Union
Fire Ins., 907 S.W.2d at 520; Johnson, 198 S.W.3d at 364; Hayes,
65 S.W.3d at 288.

Moreover,
the gist of Gail’s affidavit appears to be that the parties modified the sales
contract to include a conveyance of the minerals.  The absence in the deed of
the reservation found in the sales contract, thus, was not the result of a
mistake but, rather, reflected the parties’ modification.  The statute of
frauds requires such a modification to be evidenced by a signed writing.  Section
26.01(a), (b)(7); see also McVey, 270 S.W. 572.  Gail did not submit to
the trial court any written embodiment of the purported modification.  In fact,
her affidavit suggests that no such writing was ever made.  Her statement
suggesting that a modification had occurred was insufficient to prove a
modification.  See Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)
(affidavit’s mere allegation of modification to an alimony agreement without
more specific facts is not admissible as summary judgment evidence).  

            The
trial court abused its discretion by failing to strike the statements in Gail’s
affidavit to which appellees objected.

B.  Summary Judgment.

            Appellees
filed a traditional motion for summary judgment.  We review such motions under
a well-settled, multifaceted standard of review.  Questions of law are reviewed
de novo.  St. Paul Ins. Co. v. Tex. Dep’t of Transp., 999 S.W.2d 881
(Tex. App.—Austin 1999, pet. denied).  To determine if a fact question exists,
we must consider whether reasonable and fair-minded jurors could differ in
their conclusions in light of all the evidence presented.  Goodyear Tire
& Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must
consider all of the evidence in the light most favorable to the nonmovant,
indulging all reasonable inferences in  favor of the nonmovant, and determine
whether the movant proved that there were no genuine issues of material fact
and that it was entitled to judgment as a matter of law.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).  All summary judgment
grounds ruled on by the trial court and preserved for appellate review that are
necessary for the final disposition of the appeal should be considered.  Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). However, issues
not expressly presented to the trial court by a written motion or response to
the motion for summary judgment cannot be considered by an appellate court as
grounds for reversal.  McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 343 (Tex. 1993); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 674-75 (Tex. 1979).  

A
party is entitled to reformation of a deed when it proves that it reached an
agreement with the other party but the deed does not reflect the true agreement
due to a mutual mistake.  Thalman v. Martin, 635 S.W.2d 411, 413 (Tex.
1982); Bright v. Johnson, 302 S.W.3d 483, 489 (Tex. App.—Eastland 2009, no
pet.).  Thus, one seeking reformation of an instrument based upon mutual
mistake has the burden to show:  (1) an original agreement and (2) a mutual
mistake, occurring after the original agreement, in reducing the original
agreement to writing.  Cherokee Water Co. v. Forderhause, 741 S.W.2d
377, 379 (Tex. 1987).  A scrivener’s failure to embody the true agreement of
the parties in a written instrument is a ground for reformation on the basis of
mutual mistake.  Cornish v. Yarbrough, 558 S.W.2d 28, 32 (Tex. Civ.
App.—Waco 1977, no writ).  Unilateral mistake by one party, and knowledge of
that mistake by the other party, is equivalent to a mutual mistake.  Davis
v. Grammer, 750 S.W.2d 766, 768 (Tex. 1988). 

Appellees
submitted affidavits from Choate, Robinson, and Cotton, as well as the sales
contract and warranty deed.  The sales contract contained a mineral reservation.
 The warranty deed did not.  Choate testified that the absence of a mineral reservation
in the deed was the result of his inadvertent failure to copy the reservation
from the sales contract.  Choate also testified that none of the parties ever
asked him to modify the sales contract after it was signed.

Excluding
from review those statements that the trial court should have stricken, Gail’s
affidavit states that she met with Powell Berry at Choate’s office to sign the
papers and to deposit earnest money.  She signed the sales contract, although
she questioned why Powell Berry claimed to hold power of attorney for the
owners who were not named in the contract.  Six days later, she received the
deed signed by Powell Berry.  Powell Berry never showed Gail the powers of
attorney he claimed from the owners, but because of the recording information
in the deed, she did not complain.

In
her response to appellees’ summary judgment motion, Gail contended that the
merger doctrine prevented using the sales contract to interpret the unambiguous
warranty deed.  However, the merger doctrine applies only in the absence of
fraud, accident, or mistake.  Commercial Bank, Unincorporated, of Mason,
Tex. v. Satterwhite, 413 S.W.2d 905, 909 (Tex. 1967).

Gail
also argued that, while appellees offered some proof that they were mistaken in
signing a deed that differed from the sales contract, appellees failed to offer
any proof that Gail was mistaken and, therefore, appellees did not prove that
the mistake was mutual.  However, we presume that the parties intend what the words
of their contract say.  Gilbert Tex. Constr., L.P. v. Underwriters at
Lloyd’s London, 327 S.W.3d 118, 126 (Tex. 2010).  The sales contract
contained a clear mineral reservation.  It was sufficient to show the parties’ original
agreement.  

As
noted above, a scrivener’s failure to embody an agreement is sufficient to show
mutual mistake.  Cornish, 558 S.W.2d at 32.  In addition, even if Gail
had known of the mistake at the time the warranty deed was signed, unilateral
mistake by one party and knowledge of that mistake by the other party is
equivalent to mutual mistake.  Davis, 750 S.W.2d at 768. 

Gail
contends that the absence of a reservation in the deed should be construed
against the appellees, whose attorney drafted the deed.  This is a canon of construction. 
Cherokee Water Co. v. Freeman, 33 S.W.3d 349, 355 (Tex. App.—Texarkana
2000, no pet.).  Canons of construction do not apply when the deed is
unambiguous.  Stewman Ranch, Inc. v. Double M. Ranch, Ltd., 192 S.W.3d
808, 811 (Tex. App.—Eastland 2006, pet. denied).  There is no allegation that
the deed was ambiguous.       

Additionally,
Gail contends that, because the sales contract was signed only on behalf of
Hazel Berry, it expresses her intention in regard to the original agreement and
not the intentions of the other appellees.  The other appellees were, thus, on
notice that the warranty deed did not reserve the minerals, royalties, and
timber interests.  The sales contract was signed by Powell Berry on behalf of
“Hazel Berry, et al.”  Gail stated in her affidavit that she recalled
“questioning the fact that while Mr. Berry claimed to hold power of attorney
for the owners, they were not all named in the contract.”  Gail, therefore, was
aware that Powell Berry claimed to be acting on behalf of appellees when he
signed the sales contract.

Appellees
established that there were no genuine issues of material fact and that, as a
matter of law, they were entitled to reformation of the deed on the basis of
mutual mistake. Thalman, 635 S.W.2d at 413; Cornish, 558
S.W.2d at 32.  The trial court did not err by granting summary judgment.  

IV.  Conclusion

The
judgment of the trial court is affirmed.

            

            

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

April 14, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.