Opinion issued April 30, 2015



In The

# Court of Appeals

For The

## First District of Texas

_____

NO. 01-14-00592-CV

_____

**HUMBERTO LOPEZ, JR. AND OLGA LOPEZ, Appellants**

**V.**

**MAYRA RIVAS AND LINDA LOPEZ, Appellees**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2011-32028

## MEMORANDUM OPINION

Appellees Mayra Rivas and Linda Lopez conveyed, by a general warranty deed, their respective one-third interests in their deceased parents' property to their brother and sister-in-law, Appellants Humberto Lopez, Jr. and Olga Lopez. Two years later, Mayra and Linda sued Humberto and Olga, asserting that Humberto

and Olga orally promised to pay them each $20,000, plus interest, for their interests in the property in addition to the consideration of $10 recited in the deed. After a bench trial, the trial court entered a final judgment awarding Mayra and Linda damages in the amount of $20,000 each, plus interest. In their sole issue on appeal, Humberto and Olga contend that the judgment must be reversed because the parol evidence rule bars the trial court from considering Mayra and Linda's testimony concerning Humberto and Olga's oral promise that contradicts the express terms of the deed. We affirm.

## Background

Humberto Lopez, Sr. and Delia Lopez were married and owned a home at 7833 Dayton Street in Houston, Texas. After their death, the Dayton Street property devolved to their three surviving children—Mayra, Linda, and Humberto. Each of the three siblings executed an "Affidavit of Distributees" in which they stated that they each received a one-third interest in the property, which they valued at $60,000.

Mayra and Linda conveyed their interests in the Dayton Street property to Humberto and Olga by general warranty deed in April 2009. The deed recites that Mayra and Linda granted, sold, and conveyed the Dayton Street property to Humberto and Olga "for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to the Grantor in

hand paid by Humberto Lopez and Olga Lopez . . . the receipt and sufficiency of which is hereby acknowledged."

Two years later, in May 2011, Mayra and Linda sued Humberto and Olga, asserting breach of agreement, fraud in a real estate transaction, restitution, and seeking attorney's fees.[1] According to Mayra and Linda, Humberto and Olga orally agreed but failed to pay Mayra and Linda each $20,000 within one year, plus 3.5 percent interest for their respective interests in the property. Mayra and Linda alternatively requested that in the event the trial court could not enforce their oral agreement, the trial court restore the ownership interests they held before executing the deed.[2]

The trial court conducted a bench trial at which Mayra and Linda were the sole witnesses. They each testified that before signing the deed, Humberto and Olga had agreed to pay Mayra and Linda each $20,000 within one year, plus 3.5 percent interest, and that they signed the deed in reliance on this promise to pay.

---

[1] Mayra and Linda also asserted a vendors lien under their "foreclosure" claim and requested that the trial court (1) order Appellants to provide an inventory of all inherited personal property and (2) "account for such personal property" that they "took possession of after their mother's death [and was] no longer in Defendants' possession . . . ."

[2] Mayra and Linda also requested that (1) the trial court order Humberto and Olga to provide Mayra and Linda with an "accounting of all rental income and expenses from the Property since June 22, 2008, and to award [Mayra and Linda] two-thirds of the net rental income from the property" and (2) the trial court enter a temporary injunction enjoining Humberto and Olga "from spending or using for their own, personal benefit any of net rental income derived from the rental or lease of the Property."

Mayra and Linda also both testified that Humberto and Olga admitted that they were attempting to secure financing to make good on their oral promise. Specifically, Mayra and Linda testified that they received the following letter in which Humberto and Olga's attorney stated:

> Dear Mayra and Linda: March 2, 2011
>
> It is my understanding that it will take several more weeks to complete and fund the loan, as the broker is still shopping for the best deal for them. Humberto wants to thank you for your patience and understanding . . . . As soon as they obtain the loan, all of you will sit down together to discuss how to amicably resolve any unresolved issues with your mother's estate.

The trial court admitted the letter.

On April 15, 2014, the trial court entered a final judgment in favor of Mayra and Linda. The judgment states: "as a result of [Humberto and Olga's] breach of contract and fraud in a real estate transaction, [Mayra and Linda] have sustained damages and that [Mayra and Linda] should recover damages and costs from [Humberto and Olga] jointly and severally." The trial court awarded Mayra and Linda attorney's fees and ordered Humberto and Olga, jointly and severally, to pay Mayra and Linda $20,000 each with prejudgment interest at 3.5 percent interest and post-judgment interest at 5 percent. Humberto and Olga filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

4

**Discussion**

In their sole issue on appeal, Humberto and Olga contend that the trial court erred in admitting parol evidence of an oral promise to contradict or vary the terms of the general warranty deed. They argue that this error requires reversal because it "was the only evidence offered in support of the trial court's judgment."

**A.      Standard of Review and Applicable Law**

When parties reduce an agreement to writing, the law of parol evidence presumes, in the absence of fraud, accident, or mistake, that any prior or contemporaneous oral or written agreements merged into the final written agreement. *See DeClaire v. G & B Mcintosh Family Ltd. P'ship*, 260 S.W.3d 34, 45 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Any provisions not set out in the writing are presumed to have been abandoned before execution of the agreement or, alternatively, they are presumed to have never been made. *Id.* Likewise, the parol evidence rule provides that the terms of a written contract cannot be contradicted by evidence of an earlier, inconsistent agreement. *Baroid Equip., Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 13 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

The parol evidence rule is not a rule of evidence, but a rule of substantive contract law. *Jarvis v. K & E Re One, LLC*, 390 S.W.3d 631, 638 (Tex. App.—Dallas 2012, no pet.). Its applicability is a question of law that we review de novo.

5

*Audubon Indem. Co. v. Custom Site–Prep, Inc.*, 358 S.W.3d 309, 316 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

## B.    Analysis

Humberto and Olga contend that the deed expressly states that the agreed-upon consideration was $10. Therefore, they argue, the parol evidence rule bars consideration of evidence to contradict or vary that term. They contend that the statement in the deed that the consideration's "sufficiency . . . is hereby acknowledged" supports their claim that the trial court could not consider evidence of the oral promise.[3] In contrast, Mayra and Linda contend that the trial court properly admitted parol evidence to show the amount of consideration referenced in the deed by the words "other good and valuable consideration." We agree with Mayra and Linda.

The parol evidence rule does not bar evidence of a consistent collateral agreement. *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 179 n.10 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Thus, parol evidence may be used to clarify or explain the agreement. *Tex. Builders v. Keller*, 928 S.W.2d 479, 481 (Tex. 1996). In addition, we may consider parol evidence "'to show want or failure of consideration, and to establish the real consideration given for an instrument.'" *Audubon*, 358 S.W.3d at 316 (quoting *DeLuca v. Munzel*, 673 S.W.2d 373, 376

---

[3]    We note that Humberto and Olga did not raise the statute of frauds as a defense in the trial court or on appeal.

(Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)); *see McLernon v. Dynergy, Inc.*, 347 S.W.3d 315, 335 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[P]arol evidence is admissible to show want or failure of consideration and establish the actual consideration given for the instrument."). Thus, we may consider parol evidence "to determine if consideration exists even though the parties have reduced their agreement to a writing which appears to be a completely integrated agreement." *Audubon*, 358 S.W.3d at 316 (internal quotations and citations omitted).

Here, we conclude that Mayra and Linda's testimony concerning the oral promise was admissible to show the actual consideration given for the deed because it did not contradict or vary the deed's terms. The deed states that, in addition to $10, "other good and valuable consideration" was given for the deed. Deeds ordinarily embody such recitals of nominal consideration and "other good and valuable consideration." *See, e.g.*, *Averyt v. Grande, Inc.*, 717 S.W.2d 891, 898 (Tex. 1986); *Tatum v. Tatum*, No. 14-11-00622-CV, 2012 WL 1795112, at *2–3 (Tex. App.—Houston [14th Dist.] May 17, 2012, no pet.); *Troxel v. Bishop*, 201 S.W.3d 290, 294 (Tex. App.—Dallas 2006, no pet.). Therefore, evidence that establishes what the "other" consideration was is admissible to establish the true consideration given in the consistent collateral agreement and does not contradict or vary the terms of the deed. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318

7

S.W.3d 867, 875–76 (Tex. 2010) (testimony of consideration was proper under exception to parol evidence rule because "if the parties agreed that the lease obligation was to be additional consideration for the buyout, then such an agreement was a consistent collateral agreement. Nothing in such an agreement would contradict the written contracts."); *Deluca*, 673 S.W.2d at 376 (parol evidence admissible to explain provision of release concerning consideration); *Tarrant v. Schulz*, 441 S.W.2d 868, 869–70 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (where deed recited consideration of "$10 and other good and valuable consideration . . . parol evidence was admissible to show the true consideration or that there was no consideration given").

Humberto and Olga rely on *Johnson v. Driver*, 198 S.W.3d 359 (Tex. App.—Tyler 2006, no pet.), to support their contention that evidence of the oral promise was inadmissible. In *Johnson*, the defendant argued that the deed, which stated that the property was "granted, sold, and conveyed" "in consideration of ten dollars and other valuable consideration," evidenced a gift. *Id.* at 361. The court of appeals held that the appellant could not introduce parol evidence to show that the conveyance was a gift, rather than a sale, where appellant did not argue ambiguity. *Id.* at 363–64. But, here, Mayra and Linda did not offer parol evidence to prove that the conveyance was a gift; rather, they offered evidence to show that

the phrase "other consideration" in the deed referred to a consistent collateral agreement. *See id.* Accordingly, *Johnson* does not support reversal here.

Humberto and Olga also contend that evidence of the oral promise was inadmissible because the words "the receipt and sufficiency of which is hereby acknowledged" "memorialize[d] the grantor's admission that the consideration, while not disclosed, was nevertheless satisfactory." According to Humberto and Olga, these words also mean that Mayra and Linda acknowledged receipt of all the consideration they were provided and, therefore, no consideration can be outstanding. But, as Mayra and Linda point out, the consideration that was deemed sufficient and of which receipt was acknowledged was the *promise* to pay Mayra and Linda each $20,000 plus interest for their respective interests in the property. Therefore, we conclude that the phrase "the receipt and sufficiency of which is hereby acknowledged" does not render evidence of the oral promise inadmissible. We hold that the trial court did not err in admitting Mayra and Linda's evidence of Humberto and Olga's oral promise.

We overrule Appellants' sole issue.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.