**CITY OF HOUSTON, Appellant,**

v.

**LYONS REALTY, LTD., Appellee.**

**No. 01–85–0288–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 1986.
Rehearing Denied May 22, 1986.

---

Jerry E. Smith, City Atty., Houston, Paul Bibler, Jr., Senior Asst. City Atty., Margaret J. Livingston, Gilbert D. Douglas, Asst. City Attys., Houston, for appellant.

Phillip T. Bruns, Robert N. Brailas, Gibbs & Ratliff, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

EVANS, Chief Justice.

Lyons Realty, Ltd. sued the City of Houston to recover on a $63,863 promissory note that Harris County Municipal Utility District (M.U.D.) No. 39 had issued to Lyons Realty before being annexed by the City of Houston. The trial court directed a verdict in favor of Lyons Realty for the amount of the note, plus interest, but denied Lyons Realty's claim for attorney's fees. Both sides appeal. We affirm.

In December 1977, Lyons Realty acquired a 14.499 acre tract, situated in an area between two municipal utility districts, M.U.D. 39 and M.U.D. 40. Under the terms of a Waste Disposal Contract executed by M.U.D. 39 and M.U.D. 40 with the City of Houston, M.U.D. 39 was authorized to provide sewer services to petitioning landowners within this area. But as a condition to the grant of a sewer connection, M.U.D. 40 was entitled to be reimbursed for the petitioning landowner's pro rata share of M.U.D. 40's line construction costs. Although Lyons Realty petitioned M.U.D. 39 for sewer services to the 14.499 acre tract, it was not willing to pay the $41,606 reimbursement charge due M.U.D. 40, and M.U.D. 39 did not have funds available to pay the charge. M.U.D. 39 subsequently annexed the tract of land owned by Lyons Realty, and Lyons Realty agreed to loan $41,606 to M.U.D. 39 to facilitate the reimbursement of M.U.D. 40. M.U.D. 39 issued a promissory note dated December 26, 1978, in the amount of $41,606 as evidence of this debt. On December 26, 1978, M.U.D. 39 issued a second note to Lyons Realty in the amount of $21,583. This note represented the aggregate of (1) the $16,392.32 sale price that M.U.D. 39 agreed to pay Lyons Realty for a drainage easement and for facilities constructed on the easement, and (2) certain payments totaling $5,190.68 advanced by Lyons Realty to M.U.D. 39 for legal, engineering, and advertising expenses incurred by M.U.D. 39. On March 8, 1979, after both notes had matured, M.U.D. 39 issued the $63,863 note at issue in this suit, renewing and extend-

ing the indebtedness represented by the two earlier notes. On December 30, 1978, the City of Houston annexed M.U.D. 39, and on March 9, 1979, the City took over the district's assets and assumed its liabilities. The $63,863 note became due on March 30, 1979, but the City of Houston has steadfastly refused to pay any part of the note. This suit is the result.

In its first point of error, the City of Houston complains generally that the trial court erred in instructing a verdict in favor of Lyons Realty for the amount of the note. Although the City's argument under this point presents multifarious issues, we have considered and will discuss each of the principal contentions advanced.

We first consider the City's contention that M.U.D. 39 did not have constitutional or statutory authority to make the promissory note in suit.

■ The City contends that because the deed conveying the 14.499 acre tract to Lyons Realty required Lyons Realty to construct drainage facilities on a drainage easement acquired by the same deed, those facilities could not constitute a valid consideration for the $21,583 note. The City claims that the transaction violates art. III, sec. 53 of the Texas Constitution because the City would be giving away public money for a consideration that Lyons Realty was already required to perform.

We overrule the City's contention. M.U.D. 39 was entitled to acquire (and pay for) the drainage easement and the facilities located thereon, notwithstanding any prior contractual obligation between Lyons Realty and its grantor regarding the construction of such facilities. Moreover, the $21,583 note also represented funds advanced by Lyons Realty to pay for authorized expenses incurred by M.U.D. 39, which in itself constituted a valid consideration.

■ The City further argues that the transaction violated the provisions of art. XVI, sec. 59(c) of the Texas Constitution because an election was not called prior to the issuance of the two initial notes.

We also overrule this contention. An election approving the issuance of bonds not to exceed $3 million had previously been conducted on August 31, 1974, and M.U.D. 39 issued the notes pursuant to its authority under Tex.Water Code Ann. sec. 54.304 (Vernon 1972). The notes were approved by resolutions of the board of directors of M.U.D. 39, and each of the resolutions stated that the notes were being issued pursuant to an emergency situation.

■ Bonds payable only out of revenues, which are not serviced by a tax, do not constitute an indebtedness within the meaning of Tex.Constitution art. XVI, sec. 59(c). *City of Houston v. Moody,* 572 S.W.2d 13 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). The notes in question were not to be serviced by a tax, and an election was not necessary to approve their issuance.

Tex.Water Code Ann. sec. 54.304 authorizes the board of directors of a municipal utility district to declare an emergency if funds are not available to meet authorized needs of the district, and upon resolution by the board of directors, the district may issue negotiable Bond Anticipation Notes to borrow money to meet such needs. Sec. 54.304(a). Such notes may be issued for any purpose for which the district's bonds have been voted. Sec. 54.304(c).

Tex.Water Code Ann. sec. 54.012 provides that the control, storage, preservation, and distribution of storm waters are matters within the authority of the municipal utility district. The notes in question were issued by M.U.D. 39 for expenditures that were within the purview of its statutory authority. We conclude that M.U.D. 39 acted within its constitutional and statutory authority in issuing the notes to Lyons Realty.

■ We next consider the City's contention that Lyons Realty never fulfilled certain conditions precedent to the payment of the $63,863 note. The City points to provisions in the agreement between Lyons Realty and M.U.D. 39 that relate to the construction of the drainage facilities. The

City contends that these were conditions precedent to payment of the $21,583 note, conditions that Lyons Realty never satisfied.

It is doubtful that these contractual provisions constitute conditions precedent, but we need not decide that issue. It is undisputed that the drainage facilities had been constructed on the land before the agreement between M.U.D. 39 and Lyons Realty was consummated, and that M.U.D. 39 was aware of that fact. Each of the three notes contained the express statement, "All facts, conditions and things necessary to be done precedent to the issuance of this note in order to render the same a legal, valid, and binding obligation of the District have happened and have been accomplished and performed in regular and due time, form, and manner, as required by law...." By its execution of the notes, M.U.D. 39 waived any contention that conditions precedent had not been fulfilled. As the successor in interest to M.U.D. 39, and having assumed its obligations, the City of Houston is bound by the agreement of M.U.D. 39 that all conditions precedent were fulfilled.

■ The City also contends that the notes did not comply with Tex.Water Code Ann. sec. 54.304 because their terms authorized indefinite extensions of maturity and because they were not negotiable instruments. We overrule these contentions. The notes clearly set forth their date of maturity, and show that they were payable at a definite time within the meaning of Tex.Bus. & Com.Code Ann. sec. 3.104(a)(3) (Vernon 1968). Contrary to the City's argument, the notes were not rendered non-negotiable merely because they could have been repaid from the proceeds of bond sales. See Tex.Bus. & Com.Code Ann. sec. 3.105 (Vernon 1968); Tex.Water Code Ann. sec. 54.304(c). It is true that the notes were not made to order or to bearer, and thus were not negotiable, but that did not render the notes invalid under sec. 54.304. That fact merely prevented one holding the otherwise negotiable notes from acquiring the status of a holder in due course, Tex.

Bus. & Com.Code Ann. sec. 3.805 (Vernon 1968), a factor clearly to the advantage of the note's maker, M.U.D. 39, and its successor in interest, the City of Houston.

■ The City's remaining contention, under its first point of error, is that there was a failure of consideration for the $41,606 note because Lyons Realty, rather than M.U.D. 39, was actually responsible for the reimbursement charge due M.U.D. 40. We overrule this contention. Lyons Realty was not a party to the Waste Disposal Contract, and it never agreed to pay the reimbursement charge to M.U.D. 40. The resolution passed by the board of directors of M.U.D. 39, approving the issuance of the $41,606 note, expressly provided that M.U.D. 39 was assuming the obligation of making the payment to M.U.D. 40 as required by the Waste Disposal Contract. The resolution further provided that the note represented funds advanced by Lyons Realty in order to facilitate that payment.

■ We hold that the funds advanced by Lyons Realty to M.U.D. 39 constituted a valid and sufficient consideration for the issuance of the two notes, and we overrule the City's argument that Lyons Realty did not have an interest in the drainage easement that could effectively be transferred to M.U.D. 39.

■ We further hold that the City is estopped from asserting the defense of failure of consideration because that defense was waived by M.U.D. 39 when it executed the $63,863 note in renewal and extension of its debt. When a note is made in renewal of a prior note known by the maker to be without consideration, the renewal note constitutes a waiver of that defense, which the maker (and its successors in interest) is thereafter estopped to assert. See *Hunter v. Lanius*, 82 Tex. 677, 18 S.W. 201 (1892); *see also Gaylord Container Division v. H. Rouw Co.*, 392 S.W.2d 118 (Tex.1965). Under the circumstances of this case, we hold that this estoppel is binding on the City of Houston as the successor in interest of M.U.D. 39. *See Clear Lake City Water Authority v. Winograd*, 695 S.W.2d 632,

640 (Tex.App.—Houston [1st Dist.] 1985, writ pending).

For the reasons given, we overrule the City's first point of error. Because of this disposition, we need not consider the City's second point of error in which it contends that the trial court erred in instructing a verdict on the basis of plaintiff's claim of unjust enrichment.

In its third point of error, the City contends that the trial court erred in excluding (1) a letter from an engineering firm setting forth a formula for calculating the amount by which M.U.D. 40 was to be reimbursed under the Waste Disposal Contract; (2) a deed indicating a sale by Lyons Realty of a portion of the 14.499 tract and the amount for which it was sold; (3) a letter from the City's Department of Public Works to a landowner indicating that sewage hook-ups were available but that a connection charge would have to be paid to M.U.D. 40; (4) a letter indicating the amount of sewage capacity that Lyons Realty had obtained; and (5) a letter from the grantor of Lyons Realty to a third party suggesting the grantor's understanding that it had not conveyed an interest in the drainage easement to Lyons Realty. In view of our disposition of the City's arguments under the first point of error, we hold that the trial court did not abuse its authority in deciding that these items of evidence were not relevant to the controlling issues in the case. We overrule this point of error.

We move to Lyons Realty's one cross-point in which it complains of the trial court's denial of attorney's fees awarded to it by the jury.

 Under a recent decision issued by the Texas Supreme Court, a municipal corporation may be required to pay attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (recodified as Civil Prac. & Rem.Code secs. 38.001–006 (Vernon Supp.1986)). But a municipal corporation's liability for attorney's fees under art. 2226 extends only to matters involving proprietary functions, not to governmental functions. *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex., 1986).

The operation and maintenance of a sanitary sewer system by a municipality has been held to constitute a governmental, as distinguished from a proprietary, function. *Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941); *City of Farmers Branch v. City of Addison*, 694 S.W.2d 94 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Fidelity Land & Trust Co. of Texas v. City of West University Place*, 496 S.W.2d 116 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Because the funds acquired by M.U.D. 39 from Lyons Realty were intended for, and actually used in, the operation of a sanitary sewer system, the promissory notes issued by M.U.D. 39 were debts incurred in its governmental capacity. *See Jefferson County v. Board of County and District Road Indebtedness*, 143 Tex. 99, 182 S.W.2d 908 (1944). Therefore, M.U.D. 39, and its successor, the City of Houston, were not liable for attorney's fees under art. 2226. We accordingly affirm the trial court's take-nothing judgment against Lyons Realty on that claim.

The judgment of the trial court is affirmed.