# NO. 12-14-00344-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VICTOR LISSIAK, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SW LOAN OO, L.P.,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Victor Lissiak, Jr. appeals from a summary judgment in favor of SW Loan OO, L.P. in this suit on a note. In five issues and numerous sub-issues, Lissiak contends that SW's summary judgment evidence was not competent and there are material fact issues on elements of SW's claim and on Lissiak's affirmative defenses. We affirm the trial court's judgment.

## BACKGROUND

In 2005, The Stretford at the Cascades Limited Partnership was organized to develop a high rise condominium residential building in Tyler, Texas. The general partner was Tyler-Stretford General Partner, LLC, whose members were Lawrence Don, Victor Lissiak, Jr., and J. Randolph Light, Jr. Carl Black was a limited partner. That year, Stillwater National Bank and Trust Company (SNB) loaned The Stretford $14,100,000.00 to finance the project. In 2007, SNB loaned The Stretford an additional $8,273,000.00.

In 2008, SNB loaned money directly to Lissiak, Don, and Light, each signing in an individual capacity. Two loans were for $1,200,000.00 and $500,000.00. The original maturity dates on these notes were less than six weeks after execution. These notes were soon amended to extend the maturity date to July 31, 2008. In early July 2008, SNB loaned an additional $800,000.00 to Lissiak, Don, and Light, individually, who signed a note in that amount with a

maturity date of July 31, 2008. On that date, the parties entered into an agreement to extend the maturity date to October 31, 2008. These three notes are collectively referred to as the short-term notes.

On September 30, 2008, a new promissory note was executed in the amount of $2,500,000.00, consolidating those three short-term notes and extending the maturity date to March 30, 2010. This note was later renewed by amended notes signed only by Light as borrower. SNB indorsed the instruments to SW on December 13, 2011.

Following an unsuccessful attempt to restructure the obligations to SNB, Light and The Stretford filed a declaratory judgment action against SNB and SW. They also sued SNB for breach of contract and Lissiak for contribution and money had and received. SW filed a cross-claim against Lissiak to recover the balance due on the $2.5 million note. All parties reached settlement agreements except SW and Lissiak. The trial court granted SW's motion for summary judgment and ordered that SW recover $3,047,983.92, plus pre- and post-judgment interest and attorney's fees.

## SUMMARY JUDGMENT EVIDENCE

In his fourth issue, Lissiak asserts that the trial court erred in granting a summary judgment in favor of SW because SW's proof was not competent summary judgment evidence. He contends the statement in each of the affidavits of Brent Bates, Read Mortimer, and Anson Lang that Lissiak signed the 2008 note is conclusory, and the affidavits provide no evidence on the issue of failure of consideration. He also asserts that Lang's statements are hearsay. Finally, he contends that Kyle Owens offered no evidence on the issue of liability.

**Preservation of Error**

Although Lissiak objected to SW's evidence in the trial court, he did not obtain a ruling on his objections. Lissiak does not, in his initial brief, address the question of error preservation. SW asserts that the trial court impliedly overruled Lissiak's objections and impliedly sustained SW's objections to Lissiak's evidence when it granted SW's motion for summary judgment. In his reply brief, Lissiak argues that his objections were overruled when the trial court overruled his motion for new trial and that the erroneous overruling of his objections is currently before this court.

2

Generally, as a prerequisite to presenting a complaint for appellate review, the record must show that (1) the complaint was made to the trial court by a timely request, objection, or motion and (2) the trial court either expressly or implicitly ruled on the motion or refused to rule on the matter. *See* TEX. R. APP. P. 33.1(a); *Lambrecht & Assocs., Inc. v. State Farm Lloyds*, 119 S.W.3d 16, 23 n.3 (Tex. App.−Tyler 2003, no pet.). A ruling is implicit if it is unexpressed but capable of being understood from something else. *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.−San Antonio 2000, no pet.).

We acknowledge that there is a line of cases holding that the trial court implicitly overruled objections to summary judgment evidence when it granted the motion for summary judgment. *See Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.−Fort Worth 1999, pet denied). However, this court recently considered this question and concluded that we cannot follow *Frazier*. Agreeing with a different line of cases, we determined that the granting of a summary judgment motion, without more, does not provide an implicit ruling that either sustains or overrules objections to the summary judgment evidence. *Am. Idol Gen., LP v. Pither Plumbing Co.*, No. 12-14-00134-CV, 2015 WL 1951579, at *2 (Tex. App.−Tyler Apr. 30, 2015, no pet.) (mem. op.); *Lambrecht & Assocs., Inc.*, 119 S.W.3d at 23 n.3.

The trial court's judgment includes the statement, commonly referred to as a Mother Hubbard clause, that "[a]ll other relief not expressly granted is denied." However, a Mother Hubbard clause in the judgment does not act to show the trial court ruled on objections to the summary judgment evidence. *Stafford*, 32 S.W.3d at 317.

However, Lissiak filed a motion for new trial urging, among other arguments, that the trial court abused its discretion in refusing to rule on his objections to SW's evidence. Additionally, he reurged those objections. The motion for new trial was overruled by operation of law. Thus, Lissiak's objections to SW's evidence were preserved for appellate review. *See* TEX. R. APP. P. 33.1(b).

**Lissiak's Objections**

Lissiak asserts that Bates, Mortimer, and Lang provided no underlying facts to support the "conclusion" that Lissiak signed the 2008 note.

In his affidavit, Brent Bates, custodian of the records of Stillwater National Bank and Trust Company, stated that he attached a true and correct copy of the note at issue and that the note is an exact duplicate of the original SNB provided to SW. Anson Lang is a vice president of

Situs Asset Management, the company that services the debt sued on. Lang, custodian of the records related to that debt, testified by affidavit that he attached exact duplicates of the original note at issue. L. Read Mortimer, a vice president of SW's general partner and custodian of the records related to the note at issue, also testified that he attached to his affidavit an exact duplicate of the original note.

The admission or exclusion of evidence rests in the sound discretion of the trial court. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). We apply an abuse of discretion standard when reviewing a trial court's decision to admit or exclude summary judgment evidence. *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I,* 331 S.W.3d 500, 506 (Tex. App.−El Paso 2010, no pet.). A conclusory statement is one that does not provide the underlying facts to support the conclusion and, therefore, is not proper summary judgment proof. *Id*. at 512. Conclusory statements are not susceptible to being readily controverted. *Id*.

To prove that the defendant is the maker of the note, the plaintiff must present summary judgment evidence indicating that the defendant's signature appears on the note or that a representative of the defendant signed the note on the defendant's behalf. *Suttles v. Thomas Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App.−Houston [1st Dist.] 2004, no pet.) (op. on reh'g). This can be done by introduction of the note in evidence supported by an affidavit of the custodian of records attesting to its authenticity. *See Affordable Motor Co., v. LNA, LLC*, 351 S.W.3d 515, 520 (Tex. App.−Dallas 2011, pet. denied).

Here, each affidavit presents testimony of a custodian of records attesting to the authenticity of the note showing Lissiak's signature. The objected-to statements in the affidavits, that Lissiak executed the 2008 note, merely restate what is reflected on the face of the note itself. The statements in the affidavits are not conclusory. They are descriptive of the document being authenticated by the affidavits.

Lissiak asserts that Lang, an employee of Situs, is "remote" to these transactions. He objected to the following portions of the Lang affidavit on the basis that they are hearsay:

> 2. Lissiak, Lawrence C. Don and J. Randolph Light Jr. (collectively "Borrowers"), jointly and severally, executed an unsecured commercial Promissory Note, effective September 30, 2008, payable to the order of Stillwater National Bank and Trust Company ("SNB") in the stated principal

4

amount of $2,500,000.00 ("Note"). The Note has matured according to its terms.

3. On the date of the sale of the Note to SW, the principal balance due on the Note was $2,500,000.00 with interest paid through July 31, 2011.
. . . .

5. Interest accrued at the contract rate stated in the Note, of 4.25% per annum, and after default, at the Default rate of 15% per annum on the unpaid principal balance. As a result of a settlement between SW and J. Randolph Light Jr., there was a credit to the Note of $181,252.19, applied on September 4, 2013. This was calculated by prorating the settlement equally against all of the debt owed to SW by J. Randolph Light Jr. There have been no other credits on the Note since SW acquired it.

6. As of September 4, 2013, the balance due on the Note was $3,047,983.92 (principal of $2,500,000.00 and interest of $547,983.92), plus attorneys fees. The balance was calculated as follows:

| | |
|---|---|
| Principal | $2,500,000.00 |
| Interest from 7/31 through 10/31/11 at the 4.25% contract rate | $ 27,152.78 |
| Interest from 11/1/11 through 9/3/13 at the 15% default rate | $ 702,083.33 |
| Credit from Light settlement applied 9/4/13 | ($ 181,252.19) |
| Balance on 9/4/13 | $3,047,983.92 |

The per diem from September 4, 2013, is $1,041.67.

Lang is a custodian of the records related to this loan, and he attached a copy of the original to his affidavit. He testified that the records are kept by Situs in the regular course of business, it was the regular course of business for an employee with knowledge of the act recorded to make the record, and the records were made at or near the time of the act or matter recorded or reasonably soon thereafter. Accordingly, SW showed that Lang's statements in paragraphs two and three met the business records exception to the hearsay rule. *See* TEX. R. EVID. 803(6); *In re E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.−Houston [14th Dist.] 2006, pet. denied). Likewise, the interest rates cited in the first sentence of paragraph five are also stated in the note that is attached to the affidavit.

As vice president of Situs, Lang has personal knowledge of the amounts of principal and interest owed on the note. *See Affordable Motor Co.*, 351 S.W.3d at 520; *Barham v. Sugar*

5

*Creek Nat'l Bank*, 612 S.W.2d 78, 80 (Tex. App.–Houston [14th Dist.] 1981, no writ). Accordingly, the amounts cited in paragraphs five and six are not hearsay.

Lissiak's complaint that SW's evidence does not address the issue of failure of consideration is misplaced. SW had no obligation to negate Lissiak's affirmative defense. *See Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28 (Tex. App.–Dallas 1992, no writ). Additionally, Lissiak's complaint that the affidavit of Owens, an attorney for SW, offered no evidence on the issue of liability is irrelevant in light of the summary judgment evidence presented on the merits of the cause of action. Accordingly, Lissiak has not shown that SW's summary judgment evidence was not competent, and the trial court did not abuse its discretion by overruling Lissiak's objections. *See Rockwall Commons Assocs., Ltd.*, 331 S.W.3d at 506. We overrule Lissiak's fourth issue.

## SW's Objections

SW did not obtain a ruling on its objections to Lissiak's summary judgment evidence and, as explained above, the granting of SW's motion is not an implicit ruling sustaining SW's objections. *See Am. Idol Gen., LP*, 2015 WL 1951579, at *2. On appeal, SW raised cross-issues to complain about defects in Lissiak's affidavit, Don's affidavit, and the documents attached to the Holmes unsworn declaration. Due to our disposition of Lissiak's issues, most of SW's complaints about his evidence are moot. As more fully explained below, we sustain SW's cross-issues to the extent it complains that Lissiak's summary judgment evidence violates the parol evidence rule. We overrule the remainder of SW's cross-issues.

## SUMMARY JUDGMENT

In his first issue, Lissiak contends that the trial court erred in granting summary judgment in favor of SW because there are disputed fact issues on several elements of SW's claim and the burden never shifted to him. However, most of Lissiak's argument under this issue does not address the elements of SW's claim. He argues, instead, that because SW is a holder, not a holder in due course, he can assert certain defenses. He goes on to contend that there are fact questions regarding the authenticity of his signature on the note, whether there was a failure of consideration, whether the note was extinguished by later documents, and whether SW is estopped from collecting on the loan due to acts of SW's predecessor, SNB.

In his second issue, Lissiak argues, alternatively, that he raised disputed issues of fact on elements of SW's claim regarding holder in due course status, authenticity of his signature, and failure of consideration. In his third issue, Lissiak contends that the trial court erred in granting summary judgment because he submitted proof to create issues on his affirmative defenses regarding SW's holder in due course status, authentication of his signature, failure of consideration, cancellation of the debt instrument, promissory estoppel, material alteration, and discharge of liability.

## Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant must prove all elements of the movant's cause of action. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review a trial court's grant of a summary judgment de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We examine the entire record in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Additionally, we indulge every reasonable inference in favor of the nonmovant and resolve any doubts against the motion. *Neely v. Wilson*, 418 S.W.3d 52, 59-60 (Tex. 2013). A party raising an affirmative defense in opposition to a motion for summary judgment must either present a disputed fact issue on the opposing party's failure to satisfy its burden or establish at least the existence of a fact issue on each element of his own affirmative defense by summary judgment proof. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.−Houston [1st Dist.] 2002, pet. denied).

## Applicable Law and Analysis

To prevail on a claim on a note, a plaintiff must prove the existence of the note in question, that the defendant signed the note, that the plaintiff is the legal owner and holder of the

note, and that a certain balance is due and owing on the note. ***Roth v. JPMorgan Chase Bank, N.A.***, 439 S.W.3d 508, 512 (Tex. App.−El Paso 2014, no pet.).

### SW's Motion

SW sued Lissiak to recover the outstanding principal and interest on a $2.5 million loan, asserting that he defaulted by failing to pay the balance due after the note matured. SW filed a motion for summary judgment supported by the affidavits of L. Read Mortimer, Anson Lang, Brent A. Bates, and Kyle A. Owens.

In his affidavit, Brent A. Bates testified that he is the custodian of records of Stillwater National Bank and Trust Company. As a result of his responsibilities in that capacity, he has personal knowledge of the facts stated in his affidavit. Exhibit 1 to his affidavit is a copy of the promissory note, dated effective September 30, 2008, bearing an indorsement by SNB to SW dated December 13, 2011. He testified that the document attached as Exhibit 1 is a record which is kept by SNB in the regular course of business and the record was made at or near the time of the matter recorded, or reasonably soon thereafter.

Anson Lang testified by affidavit that he is a vice president of Situs Asset Management, charged with the servicing and collection of a note in the principal amount of $2.5 million, which is attached as an exhibit to his affidavit. Lang is a custodian of SW records maintained by Situs, including the note and indorsement. He testified that these records are kept by Situs for SW in the regular course of business and the records were made at or near the time of the matter recorded or reasonably soon thereafter. Lang testified that, as of September 4, 2013, the balance due on the note was $3,047,983.92, plus attorney's fees.

In his affidavit, L. Read Mortimer testified that he is a vice president of SW's general partner. He testified that he is a custodian of records and a copy of the note at issue, including the indorsement to SW, is attached to his affidavit.

SW's attorney, Kyle A. Owens, provided an affidavit regarding his firm's fees. He testified that total attorney's fees for the firm related to Lissiak's liability under the note, through the date of the affidavit, is $6,168.00. He testified that this sum is a fair and reasonable fee for the services rendered.

The promissory note, which is dated September 30, 2008, provides as follows:

> FOR VALUE RECEIVED, the undersigned, VICTOR LISSIAK, JR., an individual, LAWRENCE C. DON, an individual, and J. RANDOLPH LIGHT,

8

JR., an individual (the "Borrowers"), jointly and severally, promise to pay to the order of STILLWATER NATIONAL BANK AND TRUST COMPANY, and its successors and assigns (the "Lender") . . . the principal sum of TWO MILLION FIVE HUNDRED THOUSAND AND NO/00 DOLLARS ($2,500,000.00), together with interest thereon at the interest rates hereinafter stated, payable as set forth below.

. . . .

The entire unpaid principal balance of the Note and all accrued interest thereon will be due and payable on March 30, 2010 (the "Maturity Date").

. . . .

This Note is executed, delivered and accepted, not in payment, but to consolidate, extend the maturity dates and otherwise amend and restate in their entirety (i) a certain Amended and Restated Promissory Note dated June 19, 2008, in the principal face amount of $1,200,000.00; (ii) a certain Amended and Restated Promissory Note dated June 19, 2008, in the principal face amount of $500,000.00; and (iii) a certain Promissory Note dated July 7, 2008, in the principal face amount of $800,000.00 (the "Prior Notes"), all as amended by that certain Deferral Agreement dated effective July 31, 2008. The undersigned Borrowers agree to remain liable for and to pay all interest accrued and owing under the Prior Notes as of the date of this Note.

. . . .

On the failure to pay any principal or interest when due hereunder, or on the occurrence of any Default under any instrument securing payment of this Note, as defined or described therein, or upon failure to pay any other obligation owing by any of the Borrowers to the Lender, at the option of the Lender, the entire indebtedness evidenced by this Note will become immediately due, payable and collectible then or thereafter as the Lender might elect, regardless of the date of maturity hereof.

. . . .

Said parties consent to any extension of time (whether one or more) of payment hereof, release of all or any part of the security for the payment hereof or release of any party liable for the payment of this obligation. Any such extension or release may be made without notice to any such party and without discharging such party's liability hereunder.

IN WITNESS WHEREOF, the Borrowers have executed this instrument effective the date first above written.

The note includes signatures of Lissiak, Don, and Light. The indorsement, providing that the note is to be paid to SW, appears under the signatures.

The first element of SW's cause of action, that the note exists, is satisfied because SW presented a copy of the note along with the affidavits of Bates, Mortimer, and Lang who each testified to the authenticity of the note. *See* TEX. R. EVID. 902(10) (regarding admissibility of

business records accompanied by an affidavit of the custodian of records); *Affordable Motor Co.*, 351 S.W.3d at 520. Likewise, the affidavit testimony of Lang and Mortimer that SW is the owner and holder of the note, together with a true and correct copy of the note showing the indorsement from SBC to SW, proves ownership for summary judgment purposes. *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam) (op. on reh'g). The requirement to show that Lissiak signed the note is satisfied because the note identifies Lissiak as a borrower and his signature appears on the note. *See Affordable Motor Co.*, 351 S.W.3d at 520. Finally, Lang testified that, "[o]n the date of the sale of the note to SW, the principal balance due on the note was $2,500,000.00 with interest paid through July 31, 2011." Lang stated the interest rate before and after default and explained that a credit was applied as a result of a settlement between SW and Light. Lang determined the balance due on the note, as of September 4, 2013, was $3,047,983.92. This testimony proves the balance due and owing on the note. *See McLernon v. Dynegy, Inc*., 347 S.W.3d 315, 324-25 (Tex. App.−Houston [14th Dist.] 2011, no pet.) (held that affidavit stating the outstanding balance due and owing is sufficient to prove amount due); *Thompson*, 840 S.W.2d at 28-30 (held that affidavit stating total sum of principal and interest owed is sufficient to prove the amount due).

SW proved all elements of its cause of action and, therefore, entitlement to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Roth*, 439 S.W.3d at 512. We overrule Lissiak's first issue.

### Lissiak's Response

Because SW met its burden to prove entitlement to judgment as a matter of law, the burden then shifted to Lissiak to present evidence raising material issues of fact. *See City of Houston*, 589 S.W.2d at 678-79. Lissiak filed a response to SW's motion for summary judgment supported by affidavits of Lissiak, Lawrence C. Don, and Robert H. Holmes, with exhibits including a settlement agreement between Light and SW and an omnibus agreement between The Stretford at the Cascades Limited Partnership, Randolph Light, Jr. and SNB. Lissiak asserted that there are numerous disputed fact issues. On appeal, he asserts there are fact issues regarding SW's holder in due course status, the authenticity of his signature on the note, failure of consideration, the effect of Light's renewal notes, estoppel, material alteration, and discharge of liability.

*Holder in Due Course*

SW does not assert that it is a holder in due course and the properly authenticated note showing the indorsement from SNB to SW establishes that SW is a holder. *See Zarges*, 652 S.W.2d at 369; *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.−Houston [14th Dist.] 1994, no writ). There is no fact question regarding SW's holder status. Accordingly, Lissiak was entitled to, and did, assert certain defenses. *See* TEX. BUS. & COM. CODE ANN. § 3.306 (West 2002).

*Authenticity of Signature*

Lissiak asserts that he raised a fact question regarding the authenticity of the signature on the 2008 note. In his second amended original answer, Lissiak asserted that he "pleads the verified denial of the authenticity of his signature of the note sued upon. Lissiak does not recall executing that instrument and disputes that his signature on that note is genuine or that he authorized anyone to execute it for him." At the end of this document is Lissiak's unsworn declaration that the statements are true and correct in the form required by Texas Civil Practice and Remedies Code Section 132.001. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West Supp. 2015). In his affidavit in support of his response to SW's motion for summary judgment, Lissiak states "I have never believed in the validity of the September 30, 2008, $2,500,000.00 Note . . . . I do not recollect signing that note and dispute the validity of the signature on that note."

Rule of civil procedure 93(7) requires a sworn denial of the execution of a written instrument. TEX. R. CIV. P. 93(7). A Rule 93(7) verified denial challenges the authenticity of the document and addresses the document's admissibility as an evidentiary issue. *See Roth*, 439 S.W.3d at 512-13. Absent a verified denial, the document is received into evidence as fully proved. *Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex. App.−Dallas 1999, no pet.).

Although Lissiak stated in his petition that he "pleads the verified denial of the authenticity of his signature," the explanation he provided is not unequivocal. Lissiak's statements that he does not believe the note is valid, does not "recollect" signing the note, and disputes the validity of the signature are not a categorical repudiation of the authenticity of the signature. We conclude that his statements do not qualify as a denial as required by Rule 93(7). *See Pankau v. Pack*, No. 01-01-00084-CV, 2002 WL 1721806, at *1 (Tex. App.−Houston [1st Dist.] July 25, 2002, no pet.) (not designated for publication). Therefore, the $2.5 million note is

11

fully proved. *See Roth*, 439 S.W.3d at 512. Lissiak has not raised a fact issue on the authenticity of his signature.

*Failure of Consideration*

Lissiak explains that he executed, in his individual capacity, the three short-term notes that were the predecessors to the note sued upon, and SNB agreed to advance the amount delineated in each note to Lissiak and the other makers. He asserts that he received no consideration from advances on the short-term notes and "[t]hus, the 2008 Note fails likewise."

When a note is made in renewal of a prior note known by the maker to be without consideration, the renewal note constitutes a waiver of that defense, which the maker is thereafter estopped to assert. *City of Houston v. Lyons Realty, Ltd.*, 710 S.W.2d 625, 629 (Tex. App.−Houston [1st Dist.] 1986, no writ). Assuming Lissiak received no consideration for the short-term notes, he waived that defense when those notes were renewed by the $2.5 million note. Accordingly, Lissiak is estopped from asserting failure of consideration. *Id*. Further, the extension provided for in the $2.5 million note constitutes consideration for that note. *See McLernon*, 347 S.W.3d at 335.

*Cancellation of Note*

Lissiak contends that the renewal notes signed solely by Light created a fact question regarding whether the short-term notes or the $2.5 million note was extinguished. Further, he asserts that the short-term notes were not transferred to SW and they were deemed to have been marked paid in full pursuant to the formal settlement agreement. This, too, he argues, creates a fact question as to whether the $2.5 million note was extinguished.

The $2.5 million note signed in 2008 includes a provision that the makers consent to any extension of time of payment and any such extension may be made without notice to any maker and without discharging such party's liability under the note. Additionally, Light signed a $2.5 million note on July 31, 2011, that provides as follows:

> This Note is executed, delivered and accepted, not in payment, but to renew and otherwise amend and restate that certain Promissory Note in the original principal amount of $2,500,000.00 executed and delivered by the Borrowers to the lender effective September 30, 2008, as amended by that certain Amended and Restated Promissory Note dated effective June 30, 2009, as amended by that certain Amended and Restated Promissory Note dated effective March 31, 2010, as amended by that certain Amended and Restated Promissory Note dated effective July 31, 2011 . . . . The undersigned agrees to

12

> remain liable for and to pay all interest accrued and owing under the Prior Note
> as of the date of this Note.

The giving of a new note for a debt evidenced by a former note does not extinguish the old note unless such is the intention of the parties. *Thompson*, 840 S.W.2d at 29. Nor is there a presumption of the extinguishment of the original paper by the execution and delivery of a new note. *Id*. The renewal merely operates as an extension of time in which to pay the original indebtedness. The debt remains the same; it is in substance and in fact the same indebtedness evidenced by a new promise. *Bank of Austin v. Barnett*, 549 S.W.2d 428, 430 (Tex. Civ. App.–Austin 1977, no writ).

The extension note provides that it does not pay off the prior note and the borrower remains liable for the prior note. Lissiak provided no summary judgment evidence raising a fact question regarding whether the extension notes signed solely by Light extinguished the short-term notes or the $2.5 million note executed in 2008.

On August 29, 2013, Light and SW entered into a settlement agreement.[1] That agreement provides that certain promissory notes, guarantees, and lost note affidavits would be marked paid, subject to the conditions stated in the agreement. The short-term notes are not among the notes identified in the agreement as having been marked paid in full. Therefore, the settlement agreement does not raise fact questions regarding whether the 2008 note was extinguished.

*Estoppel*

Lissiak asserts that SW is estopped from trying to collect on the $2.5 million note due to the acts of SNB. He claims that SNB promised to disburse funds advanced on the short-term notes as the makers deem fit. Further, he contends that SNB promised it would not seek payment from the makers. Instead, the short-term notes would be paid by new notes issued to The Stretford.

Lissiak relies on the following paragraphs in his affidavit:

> 19. SNB told me that the Short-Term Notes would be satisfied and
> paid in full by consolidating them into a new refinancing loan to Stretford as

---

[1] At trial, SW objected to the use of the settlement agreement as summary judgment evidence but did not obtain a ruling. It complains on appeal of the use of the settlement agreement because it is a confidential agreement. While SW calls this a substantive defect that can be raised for the first time on appeal, it did not cite to any authority for that assertion. We consider the complaint to be moot because the settlement agreement supports SW's position on the question of cancellation of the note.

13

soon as the budget analyses and refinancing options were completed. I had no reason to distrust SNB at the time and wholly relied on that statement.

20. SNB repeatedly indicated to me that their intent for the Short-Term Notes was to satisfy them through the proceeds of a new loan to Stretford, and those notes were only temporary. We were never requested to pay interest on those notes; apparently SNB paid the interest on the Short-Term Notes from advances on those notes.

21. Contrary to the bank's statements about the need to make interim loans (the Short-Term Notes) directly to the members of the General Partner, it was later revealed that SNB could have originally made the loans represented by the Short-Term Notes directly to Stretford.

. . . .

33. Although SNB promised me that the Short-Term Notes would be paid from the proceeds of refinancing the Project for the Stretford, SNB repudiated this promise.

Lissiak also relies on the following paragraphs in Don's affidavit and a March 28, 2008 email from Len McLaughlin, President of SNB, that is attached as an exhibit to Don's affidavit.

20. SNB agreed that the Short-Term Notes were to be satisfied and paid in full by consolidating them into a new refinancing loan to Stretford. *See Email of 3/28/08 attached hereto as Exhibit "E" attached hereto* [sic]

21. SNB repeatedly indicated to us that this was their intent as to the Notes, they were to be only temporary.

The pertinent portion of the email is as follows:

The bank has anticipated that your partnership will complete the steps outlined in our $3.5MM loan proposal, that is, raising the additional equity and bringing an additional guarantor, and that these actions will be completed very shortly to allow us to complete our underwriting. We expect to complete this process before the end of April, and the loan proceeds of the new loan would pay off the two unsecured notes. In that time frame, it will not be necessary to renew the $1,200,000 note.

In response, SW asserts several objections to Lissiak's evidence including that it violates the parol evidence rule. This is an objection that can be raised for the first time on appeal. *See Johnson v. Driver*, 198 S.W.3d 359, 363-64 (Tex. App.−Tyler 2006, no pet.). Extrinsic evidence, that is, evidence not contained in the body of an agreement, is not admissible to vary,

add to, or contradict the terms of an unambiguous written agreement. *See Garner v. Fid. Bank, N.A.*, 244 S.W.3d 855, 860 (Tex. App.−Dallas 2008, no pet.); *Conte v. Greater Houston Bank*, 641 S.W.2d 411, 414-15 (Tex. App.−Houston [14th Dist.] 1982, writ ref'd n.r.e.). Evidence that violates the rule is incompetent and without probative force, and cannot be given legal effect. *See Johnson*, 198 S.W.3d at 364.

Initially, we note that Lissiak's evidence does not address his contention that SW promised to disburse funds advanced on the short-term notes as the makers deem fit. Therefore, his evidence does not raise a fact issue regarding whether an alleged promise by SNB to allow the makers to determine the disbursement schedule gives rise to estoppel. Moreover, pursuant to the terms of the note, Lissiak, Don, and Light promised to pay SNB $2.5 million plus interest by March 30, 2010. This unambiguous written agreement cannot be varied by extrinsic evidence asserting a different route to repayment. *See Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 491-93 (Tex. 1987) (held that, in a suit by one not a holder in due course against the maker of a promissory note, the parol evidence rule prohibits the admission of extraneous evidence showing that the maker was induced to sign the note by the payee's representations that the maker would not incur liability on the note). Accordingly, we give no legal effect to the evidence Lissiak relies on to raise a fact issue on estoppel. *See Johnson*, 198 S.W.3d at 364. In the absence of competent summary judgment evidence, Lissiak has not raised a fact question on the affirmative defense of estoppel.

### *Material Alteration*

Lissiak complains that he was not consulted about the renewal and extension of the notes, and the renewals were to his detriment. He asserts that there is a fact question regarding whether the short-term notes were materially altered by the renewals extending the due date. We disagree.

A party asserting the material alteration defense must show (1) a material alteration of the underlying contract; (2) made without his consent; (3) which is to his detriment. *Fed. Dep. Ins. Corp. v. Attayi*, 745 S.W.2d 939, 944 (Tex. App.−Houston [1st Dist.] 1988, no writ). Here, Lissiak was required to establish the existence of a fact issue on each element of this affirmative defense. *Brownlee*, 665 S.W.2d at 112.

Under the terms of each short-term note and the $2.5 million note, the makers "consent to any extension of time (whether one or more) of payment hereof" and any extension "may be

15

made without notice to any such party and without discharging such party's liability hereunder." Accordingly, Lissiak consented to the extension of the due date and did not raise a fact issue on the element of consent. *See Attayi*, 745 S.W.2d at 944. Therefore, he has not raised a fact question on the affirmative defense of material alteration.

### *Discharge of Liability*

Lissiak cites Texas Business and Commerce Code Section 3.605, which addresses discharge of a secondary obligor in the context of a release of the primary obligor. *See* TEX. BUS. & COM. CODE ANN. § 3.605 (West Supp. 2015). However, Lissiak's argument has nothing to do with the content of Section 3.605. Although indistinct, we interpret Lissiak's argument to be that there are fact questions regarding whether SNB and Light breached an agreement to release Lissiak from liability, and that breach leads to his release.

While release is an affirmative defense, the breach of a release agreement is not. We conclude that Lissiak has not presented an argument for an affirmative defense. It follows that he did not raise any fact issues by this argument.

### *Summation*

Lissiak has neither presented a disputed fact issue on SW's failure to satisfy its burden nor established at least the existence of a fact issue on each element of any of his affirmative defenses. *See Brownlee*, 665 S.W.2d at 112. We overrule Lissiak's issues two and three. Due to our disposition of issues one, two, and three, we need not address issue five. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

SW proved all elements of its cause of action for suit on a note and established its right to summary judgment. Lissiak did not meet his burden of either raising a fact question on SW's failure to satisfy its burden or establishing the existence of a fact issue on each element of one of his affirmative defenses. Accordingly, the trial court did not err in granting SW's motion for summary judgment.

We *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered June 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

16



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2016

NO. 12-14-00344-CV

**VICTOR LISSIAK, JR.,**
Appellant
V.
**SW LOAN OO, L.P.,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 12-0384-A)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **VICTOR LISSIAK, JR.**, for which execution may issue, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*