# NO. 12-23-00297-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BARBARA J. BROWN AND ERIC W. BROWN,*<br>*APPELLANTS* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICAL DISTRICT COURT* |
| *FIRST NATIONAL BANK OF KEMP,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Barbara J. Brown and Eric W. Brown (collectively the Browns) appeal the trial court's order granting summary judgment in favor of First National Bank of Kemp (FNB). They present three issues on appeal. We affirm.

## BACKGROUND

On March 19, 2020, the Browns obtained a construction loan with FNB in the original principal amount of $900,000, secured by real property on which the Browns planned to build their residence. The plan was for the Browns to construct their home and then convert the construction loan into permanent financing with two refinancing loans: a conventional home mortgage attached to the residence homestead and an agricultural loan secured by the remaining acreage. Prior to closing the refinancing loans, the Browns requested the payoff and closing

amounts from FNB. The Browns brought a certified check for $15,500 to closing on March 12, 2021. After closing, the Browns were given a refund and told that they paid too much at closing.[1] However, according to FNB, the quoted payoff of the original construction loan was misquoted and underpaid by $5,969.22 due to a clerical error. FNB proceeded with the refinancing loans under the belief that the Browns would pay the shortfall amount.

FNB emailed the Browns on March 19, when the refinancing loans funded, notifying them of the error and inquiring how they planned to pay for the shortfall. In response, the Browns requested certain account statements, which FNB provided. On March 29, the Browns notified FNB that their attorney was reviewing the matter. FNB received no communications from either the Browns or their attorney. On May 26, FNB, via certified mail, again notified the Browns of the error and included a proposed plan for addressing the shortfall. FNB proposed adding the shortage as a miscellaneous charge to the agricultural loan that would not be part of either the principal balance or interest balance and would serve as a placeholder. FNB stated that it would avoid any unnecessary reporting of past due interest and allow it to close out the prior loan record. The Browns did not respond but continued making regular payments on the agricultural loan. The Browns also made additional payments, which FNB applied to the shortfall amount.

The Browns' attorney sent a "notice of error" letter under the Real Estate Settlement Procedures Act of 1974 (RESPA) objecting to the way FNB handled the shortfall. In the RESPA notice, the Browns complained that the additional payments should have been applied to the principal and not to the shortfall amount. FNB maintained that the agricultural loan is not subject to RESPA; however, it withdrew the shortfall from the agricultural loan and reapplied the Browns' payments to that loan as requested. It provided the Browns with a revised payment ledger and payment history on December 1. FNB also notified the Browns that the shortfall was an unsecured debt and requested information on how the Browns planned to pay it.

After the Browns failed to make payments on the shortfall, FNB filed suit seeking payment of the promissory note. The Browns initially filed an original answer that asserted various affirmative defenses and verified denials. They later filed counterclaims relating to and arising out of FNB's efforts to collect on the note, including breach of contract and violations of

---

[1] The exact amount of that refund is not reflected in the summary judgment record. However, in their counterclaims, the Browns allege the refund was "for the amount in dispute listed in the Original Petition."

the Texas Debt Collection Practices Act (TDCPA). FNB later filed a motion for summary judgment, which included a traditional motion on FNB's claim for suit on the promissory note and no evidence motions on the Browns' counterclaims. Following a hearing on the motions, the trial court granted the motion for summary judgment in its entirety. The Browns filed a motion to reconsider, which was denied. This appeal followed.

## SUMMARY JUDGMENT

The Browns present three issues challenging the trial court's grant of summary judgment. In their first issue, they assert the trial court erred in granting FNB's traditional summary judgment on its claim for suit on a promissory note. And in their second and third issues, the Browns claim the trial court erred in granting the no evidence summary judgment on their claims for breach of contract and violation of the TDCPA, respectively.

### Standard of Review

Because summary judgment is a question of law, a trial court's summary judgment decision is reviewed de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 467–68 (Tex. App.–Dallas 2009, pet. denied). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co. Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 221–22 (Tex. App.–Dallas 2008, pet. struck). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952); *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Additionally, after an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.–Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See id.*

**Traditional Summary Judgment**

In their first issue, the Browns contend the trial court erred in granting FNB's traditional motion for summary judgment on its suit on the promissory note.

To recover under the note, FNB had to establish (1) the note in question, (2) that the Browns signed the note, (3) that FNB was the legal owner and holder of the note, and (4) that a certain balance was due and owing under the note. *Scott v. Commercial Servs. of Perry, Inc.*, 121 S.W.3d 26, 29 (Tex. App.—Tyler 2003, pet. denied); *Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 111 (Tex. App.—Dallas 1991, no writ). In support of its motion for summary judgment, FNB attached a signed declaration from Philip Weaver, its executive vice president, which included copies of the promissory note, deed of trust, and correspondence between FNB and the Browns as exhibits. It also attached a declaration from its attorney regarding attorney

4

fees. The Browns attached copies of the promissory note, correspondence between the parties regarding the closing costs, payment ledgers, and notices to their response.

The Browns urge that FNB failed to verify that a certain balance was due on the note. Weaver testified that he is the executive vice president of FNB and that his job duties include supervising the employees responsible for the servicing and collection of the indebtedness owed by the Browns. He further stated his familiarity with the manner and method by which FNB maintains its books and records and that he reviewed the books and records regarding this matter. Weaver explained the circumstances of the note and the shortage. He testified that FNB is the holder and owner of the note, that the note is in default, and to the amount owed. A lender need not file detailed proof reflecting the calculations of the balance due on a note; an uncontroverted affidavit, made on personal knowledge by a bank officer, that identifies the note and guaranty and recites the principal and interest due, is not conclusory and is sufficient to support a summary judgment. *Cha v. Branch Banking & Tr. Co.*, No. 05-14-00926-CV, 2015 WL 5013700, at *3 (Tex. App.—Dallas Aug. 25, 2015, pet. denied) (mem. op.); *Martin v. First Republic Bank, Fort Worth N.S.,* 799 S.W.2d 482, 485 (Tex. App.—Fort Worth 1990, writ denied); *Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank-Farmers Branch*, 783 S.W.2d 598, 601, (Tex. App.—Dallas 1989, no writ). The Browns submitted no evidence to contradict FNB's proof of the amount of the deficiency.

Instead of challenging the amount of the deficiency, or Weaver's affidavit in general, the Browns focus on *Cha*, which they insist is distinguishable because it involved a default judgment. As a result, the Browns claim that their verified denial to FNB's original petition is sufficient to controvert Weaver's affidavit. However, pleadings are not summary judgment evidence even if they are sworn or verified. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995). Therefore, this distinction bears no fruit.

The Browns further argue that the promissory note was extinguished when they refinanced the loan into two subsequent loans. But the Browns did not make this argument in their response to the motion for summary judgment or at the hearing; thus, this issue is not preserved for our review. *See* TEX. R. APP. P. 33.1. And even if it were preserved, the uncontroverted evidence demonstrates that the original loan was not fully paid when refinanced. According to Weaver, "due [to] a clerical error, the quoted payoff of the interim construction loan was misquoted and underpaid." The giving of a new note for a debt evidenced by a former note

does not extinguish the old note unless such is the intention of the parties. ***Lissiak v. SW Loan OO, L.P.***, 499 S.W.3d 481, 495 (Tex. App.—Tyler 2016, no pet.). Nor is there a presumption of the extinguishment of the original paper by the execution and delivery of a new note. ***Id.*** Therefore, absent an intentional release, the refinancing loans did not extinguish the original loan. And the evidence shows there was no intentional release.

Because the uncontroverted summary judgment evidence demonstrates that the Browns defaulted on the promissory note owed to FNB, the trial court did not err in granting FNB's traditional motion for summary judgment. We overrule the Browns' first issue.

## No-Evidence Summary Judgment

In their second and third issues, the Browns argue that the trial court erred in granting FNB's no evidence motion for summary judgment on their counterclaims for breach of contract and violation of the TDCPA. The Browns argue that FNB's actions violating the TDCPA also breached the contract; therefore, we address these claims together.

To prove a breach of contract claim, the following elements must be satisfied: 1) a valid contract, 2) the plaintiff performed or tendered performance, 3) the defendant breached the contract, and 4) the plaintiff was damaged as a result of the breach. ***Critchfield v. Smith***, 151 S.W.3d 225, 233 (Tex. App.—Tyler 2004, pet. denied). FNB's motion asserted there is no evidence it breached the contract or that the Browns were damaged.[2]

The elements of a TDCPA claim are: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. TEX. FIN. CODE ANN. §§ 392.001–392.404 (West 2016 & Supp. 2023); ***McDaniel v. JPMorgan Chase Bank, N.A.***, No. 1:12-CV-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012). Texas has applied an expansive scope to the term "debt collector" under the TDCPA, defining it as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." TEX. FIN. CODE ANN. § 392.001(6) (West 2016). Subsection 392.301(a)(8) provides that "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to

---

[2] On appeal, FNB contends it attacked the second and fourth elements of the breach of contract claim; however, its motion actually claimed no evidence of the third and fourth elements.

coerce that employ any of the following practices … threatening to take an action prohibited by law." *Id*. § 392.301(a) (8) (West 2016). Subsection 392.304(a)(8) states that a "debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practice … misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." *Id*. § 392.304(a)(8) (West 2016).

The Browns assert that "attaching the alleged shortage to a separate loan and secured interest, was the 'wrongful' act(s) prohibited by law." However, in neither their brief nor their summary judgment response do they cite to any statute that FNB purportedly violated. A nonmovant must identify or cite specific evidence to support a particular violation of the TDCPA. *See Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 968 (Tex. App.—Dallas 2013, no pet.). The Browns stated that they "believed" FNB's actions to be "unlawful debt collection practices or acts." Subjective beliefs are no more than conclusions and are not competent summary judgment evidence. *Tex. Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). They also argue that FNB made "numerous misrepresentations," without explaining the specifics of said misrepresentations. As a result, the Browns brought forth no evidence that FNB breached the contract or committed an act in violation of the TDCPA.

Furthermore, the Browns failed to prove injury as a result of FNB's alleged actions. They assert that "they suffered additional damages in the form of accumulated interest." However, the Browns also conceded at the hearing that after they complained to FNB about the way the shortage was handled, FNB "did remove those fees and they did correct what we claimed was wrongful." And in their brief, the Browns state, "FNB later corrected these mistakes." As such, the Browns have not shown they suffered damages as a result of FNB's conduct.

Because the Browns failed to support their claims of breach of contract and violations of the TDCPA with summary judgment evidence, the trial court did not err in granting FNB's no evidence motion for summary judgment. We overrule the Browns' second and third issues.

## DISPOSITION

Having overruled the Browns' first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2024**

**NO. 12-23-00297-CV**

**BARBARA J. BROWN AND ERIC W. BROWN,**
Appellants
V.
**FIRST NATIONAL BANK OF KEMP,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2022-272)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **Barbara J. Brown and Eric W. Brown,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*